## Brown *v.* Arkansas Central Railway Company.

### Opinion delivered June 4, 1904.

1. VENDOR AND PURCHASER—EQUITABLE TITLE.—Where a purchaser of land died before paying for it, holding only a bond for title, and the purchase money was afterwards paid by his widow and children, the equitable title was thereby vested in them. (Page 459.)

2. EVIDENCE—RES INTER ALIOS ACTA.—A recital in a deed to a widow that the legal title was conveyed to her at the request of the children of her deceased husband is not evidence against them. (Page 460.)

3. WIDOW TAKING DEED—TRUST.—Where the widow and children of a purchaser of land paid the balance of the purchase money due thereon, and the widow took deed to herself alone, she holds as trustee for the children to the extent of their interest. (Page 460.)

4.  DAMAGES FOR RIGHT OF WAY—PARTIES.—Where a widow has rights of homestead and dower in lands of her husband, she may join in an action by the heirs to recover from a railroad company damages for injury done to the land by the taking of a right of way through it. (Page 460.)

5.  SAME—WHEN RIGHT TO RECOVER ACCRUES.—Where land belonging to a deceased· purchaser's estate was taken by a railroad company for right of way, and subsequently the widow and heirs of such purchaser finished paying for the land, and the deed was taken to the widow, the right of the heirs to recover damages was not affected by the conveyance to the widow. (Page 460.)

6.  SAME—VENDOR AS PARTY.—Where land sold but not paid for was taken by a railroad company for right of way, and subsequently the purchase money was paid, and a deed executed to the purchaser's widow, the vendor is not a necessary party to a suit to recover damages for the right of way taken. (Page 460.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

STATEMENT BY THE COURT.

H. H. Brown died intestate in 1891, being at that time the owner of a tract of land of 520 acres, upon which was his homestead. He had purchased 440 acres of this land from Mrs. Ullery in 1887, taking a bond for title. The other 80 acres, upon which his house was located, was acquired from another source. At the time Brown died there remained unpaid several hundred dollars of the purchase money due Mrs. Ullery, and she afterwards brought suit in equity and obtained a decree for the same. This decree was paid off by the widow and children of Brown, and Mrs. Ullery then conveyed the land to Mary E. Brown, the widow of H. H. Brown. The deed recites that the judgment had been fully paid by the widow and heirs of H. H. Brown, and that the deed was made to Mrs. Brown "by the request of the children of H. H. Brown." This deed was made in 1899. Two years previous to the execution of this deed the defendant railroad company had constructed its railroad across the land in question.

This action was brought by the widow and children of H. H. Brown in the year 1900 to recover compensation for the damages

caused to the land by the taking of the right of way and construction of the railroad across it, and to have the same declared a lien on the railway.

On the trial the court held that the 80 acres on which was the homestead, and the 440 acres bought from Mrs. Ullery, and for which she executed deed to Mrs. Brown, were two separate tracts, and owned by different parties, and that a recovery for damages to the two tracts could not be had in the same action. He therefore sustained a motion to compel plaintiffs to elect as to which tract they would seek damages in this action. Plaintiffs refused to elect, and the court thereupon dismissed the action, and plaintiffs appealed.

*E. S. Alexander,* for appellants.

The court erred in excluding the plat marked Exhibit A to plaintiffs' complaint. 1 Greenleaf, Ev. § 285; Sand. & H. Dig. § § 5722, 5761; 35 Ark. 555; 31 Ark. 345; 32 Ark. 97; Abb. Tr. Ev. 699; 321; 1 Greanleaf Ev. 170. Defendant Ratcliff's answer raised no issue. 32 N. J. 236. The railway company's answer raised no issue. Sand. & H. Dig. § 5744; 20 Ark. 424; 3 Ark. 416. The sufficiency of pleas must be tested by what they contain, not by reference to other pleas. 45 Ark. 376; 24 Ark. 371. The grantor's title must be alleged and shown. Abb. Tr. Ev. 705; 38 Ark. 191. No deeds or copies referred to are set out. Sand. & H. Dig. § 2929. A deed neither naming or describing grantors is void. 15 Ark. 287; Martindale, Convey. § 67; 3 Wash. Real Prop. 263. The deeds did not follow the pretended grant, and are no defense. 41 Ark. 202; 7 Enc. Pl. & Pr., 544. Damages should be assessed as of the date of the taking of the land, and interest added from that date. 56 Wis. 318; 105 Mass. 303. Where this court can plainly see the rights of the parties from the record it will render such decision as should have been rendered below. 45 Ark. 177; 48 Ark. 312. An assessment by a jury has been waived. 48 Cal. 157. An appellate court may pronounce a final judgment. 11 Enc. Pl. & Pr., 1058; 69 Ark. 197. Plaintiffs had title by adverse possession. 38 Ark. 181. Seizin of an ancestor may be proved by his actual possession. 2 Greenleaf, Ev. § § 309, 311; 20 Ark. 508; 48 Ark. 312; 23 Ark. 336. The muniment is but one circumstance by

which to make out adverse possession. 33 Ark. 155. A void deed may be used to give color of title. 20 Ark. 508. The decree of court is a muniment of title. 38 Ark. 181; 13 Ark. 524; 34 Ark. 113. A mortgagee is not the real owner of land. 69 Ark. 97. The intent to convey must be determined from the contents of the deed and the relations of the grantor to the property. 53 Ark. 185; 29 Ark. 650. The recitals in the deed are sufficiently explicit. 29 Ark. 650; Sand. & H. Dig. § 2488. Brown's interest in the lands was "real estate." Sand. & H. Dig. § 2470; 69 Ark. 97. The interest vested in the children. 42 Ark. 25. And are not affected by the recitals in Mrs. Ullery's deed. 69 Ark. 98. The court erred in dismissing the action. Sand. & H. Dig. § 5705; 65 Ark. 495; 51 Ark. 235, 330; Sand. & H. Dig. § 5623; Acts 1893, 262; 56 Ark. 391; 20 Ark. 25; 68 Ark. 412; 5 Met. 368; 105 Mass. 303; 49 Fed. 807. Plaintiffs adopted the proper procedure. 51 Ark. 235; 56 Ark. 391. Plaintiffs cannot be deprived of their property without full compensation. Const. 1874, art. 12, § 9; Sand. & H. Dig., § 2732. A remedy conferred by statute does not abridge the rights of the plaintiffs to relief in equity. 53 Ark. 37; 18 Ark. 583. The defendant cannot question the procedure here. 13 Ark. 193; 51 Ark. 235; Sand. & H. Dig. § § 5615-5618. No question having been raised in the lower court as to the method of procedure, it should have been disposed of according to the principles involved either at law or equity. 52 Ark. 411; 26 Ark. 54; 32 Ark. 562; 31 Ark. 411; 49 Ark. 20.

*Oscar L. Miles,* for appellees.

RIDDICK, J. (after stating the facts). Plaintiffs in this action seek, as the widow and heirs of H. H. Brown, to recover of defendant compensation for a right of way across a tract of land containing 520 acres. This whole tract was in the possession of Brown at the time of his death. It seems to be conceded that he had a complete title to the 80 acres upon which his house was located. For the other 440 acres he held a bond for title from Mrs. Ullery, who was the owner thereof. After his death his widow and heirs paid the remainder of the purchase money due to Mrs. Ullery. The equitable title was then complete in them, just as if Brown, the purchaser from Mrs. Ullery, had paid all

of the purchase money before his death. The bare legal title remained in Mrs. Ullery, and she by deed conveyed it to Mrs. Brown. On the trial this deed was introduced in evidence by the defendant. It shows that the legal title was conveyed by Mrs. Ullery to Mrs. Brown, and it recites that this was done at the request of the children of H. H. Brown. But this recital is not evidence against them, for they were not parties to the deed, and did not offer it in evidence. As to them this recital is *res inter alios acta.* But if that recital be taken as true, Mrs. Brown would still hold the land in trust for the heirs, except as to her dower or other interest therein as the widow of H. H. Brown.

If one buy land and pay for it, and take title in the name of another, a trust results in favor of the person paying the purchase money, though a purchase by a parent in the name of a child, or other person whom he is under obligations to support, is presumed to be an advancement or gift, and no trust results. But in this case the mother and children together paid the remainder of the purchase money left unpaid by the father. Some of the children were minors. They were under no legal obligation to support their mother, and we think, under the facts of this case so far as they are shown in the record, that Mrs. Brown simply holds this land as trustee for the heirs to the extent of their interest in the same. That being so, we are of the opinion that the whole 520 acres belongs, in equity, to the heirs, subject to the homestead and dower rights of the widow. They were all parties to the action, and we are of the opinion that compensation for the injury done to the entire tract by the taking of the right of way may be recovered in one action, and that there was no misjoinder of either parties or actions. We therefore think that the court erred in dismissing the action on that ground.

Again, the right of way was taken before the deed from Mrs. Ullery to Mrs. Brown. The damages had already accrued at the time the deed was made, and it did not affect the right of the heirs to compensation for the injury they had already sustained. But the deed from Mrs. Ullery made it unnecessary to make her a party to the action, for she had no interest in the action.

As the action was dismissed before the defendant had introduced its evidence, and probably before the facts were fully developed, we think that the case should be remanded for trial on the merits. The judgment is therefore reversed, and the cause remanded, with an order to overrule the motion to dismiss, and proceed with the hearing of the case.