### WESTMORELAND *v.* BOYDSTON.

Opinion delivered May 6, 1912.

TRUSTS—EFFECT OF WIDOW PAYING PURCHASE MONEY ON HUSBAND'S CONTRACT.—Where a vendee of land died before completing payment of the purchase money, and his widow completed such payment and took deed to herself, she will be held to be a trustee for the vendee's heirs for the reversionary interest after her dower interest and a lien for so much of the purchase money as she paid have been discharged.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland*, Chancellor; affirmed.

*Carmichael, Brooks & Powers*, for appellants.

The circumstances in this case are not sufficient to constitute Willie J. Boydston a trustee for the benefit of the plaintiffs. To constitute one person a trustee for another and establish an implied trust, there must either be fraud or confidential relations so close that it would constitute fraud if advantage were taken by the trustee over the beneficiaries. 72 Ark. 456; 45 Ark. 481; 42 Ark. 503; 41 Ark. 393; 56 Ark. 130, 136; 48 Ark. 169; 64 Ark. 162; 71 Ark. 377.

*Anthony Hall*, for appellee.

The facts in evidence are sufficient to sustain the finding that Willie J. Boydston took under the deed as trustee for the children of J. A. Boydston, and that her only interest in the land was the $35 and her dower. 72 Ark. 460.

McCULLOCH, C. J.   John A. Boydston, the father of the plaintiffs, purchased a tract of land, containing 120 acres, in Logan County, Arkansas, from one Whitlow in the year 1900, and paid the sum of $10 in cash at the time of the purchase, and executed six installment notes, payable annually, with interest, for the remainder.   Whitlow executed to him a written contract for the sale of said land, whereby he undertook to convey the land upon the prompt payment of said notes at maturity.   Boydston died intestate in January, 1902, after having paid two notes which fell due before that time, leaving surviving his widow, Willie J. Boydston, and the plaintiffs, his children and heirs at law, who were minors.   Thereafter the widow undertook to sell eighty acres of the land to one Sykes, and executed to him a contract to that effect.   Subsequently Sykes obtained from Whitlow a contract for the conveyance to him of said eighty acres upon the payment of four annual installment notes in the same amount as the last four of the John A. Boydston notes.   Sykes paid said notes, and Whitlow conveyed the eighty acres of land to him.   The widow of John A. Boydston paid the balance of $35 due on the original notes, which covered the difference between the interest on the Boydston and the Sykes notes, and Whitlow conveyed the other forty acres of land to her.   Mattie Graham recovered a judgment against Willie J. Boydston for the sum of a thousand dollars, and sued out execution, and caused same to be levied on the said forty acres of land.   This action was instituted to enjoin the sale as a cloud on plaintiffs' title, which they assert. The chancellor decided that plaintiffs are the equitable owners of the land by inheritance from their father, John A. Boydston; that Willie J. Boydston held the legal title in trust for them, and that she has only a dower interest and a lien for the $35 which she paid on the purchase price after the death of her husband.   He decided that Mrs. Graham is entitled to have the said interest of Willie J. Boydston subjected to the payment of said judgment-debt, but enjoined the sale under execution of plaintiff's interest.   A decree was entered in accordance with that decision, and the defendant appeals.

The chancellor was correct in holding that plaintiffs are the equitable owners of the land, and that the widow of Willie J. Boydston holds the legal title in trust for them.   *Brown* v.

*Arkansas Central Ry. Co.,* 72 Ark. 456; *Stubbs* v. *Pitts,* 84 Ark. 160; *Uzzell* v. *Gates, ante,* p. 192. Learned counsel for defendant endeavor to distinguish the present case on the ground that, as the contract between Whitlow and Boydston made time of payment to be of the essence of the contract and gave the vendor the right to declare a forfeiture upon the failure to pay any of the notes promptly at maturity, the widow had the right to surrender the contract and repurchase the land; that she was under no legal obligation to pay for the land out of her own means, and was not inhibited by any principle of equity from purchasing the land for herself. The difficulty with that contention is that the vendor did not declare a forfeiture of the original contract, the widow did not surrender the contract, nor did she pay for the land out of her own means except the small balance above stated. The payments were made by Sykes on the purchase price of the part of the land which he purchased. The widow did not purchase the land under a new contract, but received a conveyance under the original contract executed by Whitlow to her husband, the father of plaintiffs. She could not accept a conveyance under the contract and repudiate the rights of the children.

There is no appeal from that part of the decree subjecting the widow's interest to satisfaction of the execution against her. Affirmed.