STATE, Respondent, v. JAMES, Appellant.

(164·N. W. 91.)

(File No. 3997.. Opinion filed August 7, 1917. Rehearing denied November 2, 1917.)

1. **Criminal Law—Larceny—Possession, Offer of Sale by Defendant —Corpus Delicti, Evidence Constituting.**

Where horses, raised and kept on a small range near .owner's ranch, were last seen by him at his ranch some three or four weeks prior to their being next seen in a county in an adjoining state, in possession of defendant and a ·co-defendant; they having been driven thence by said defendants to a shipping point, where defendant, claiming to be their owner, attempted to sell them; the owner never having sold nor otherwise disposed of them, or authorized anyone to drive them from their range; **held,** that. in absence of any attempt by defendant to account for their possession, that fact, when considered in connection with the other evidence, was sufficient to warrant inference by jury that the horses had been stolen; that the facts proven sufficiently establish the corpus delicti.

2. **Same—Larceny of Horses—Presence and Acts of Co-defendant, · Evidence, Competency—Joint Possession, Effect.**

In a prosecution for larceny of horses, testimony to acts and conduct of a co-defendant, not in ·presence or hearing of defendant, is competent, where other evidence shows that the horses were subsequently in joint ·possession and control of defendants when first seen after being taken from the owner. and they remained in joint possession and control until they reached a town, where defendant, claiming to be owner, offered to sell them.

3. **Same—Possession, After Theft, As Circumstance of Guilt—Unexplained Possession, Instruction.**

Where, in a prosecution for larceny of horses, trial court instructed that possession of stolen property immediately after it is stolen is a circumstance of guilt, which jury has a right to

consider with other evidence, held, that the objection that the court did not refer to unexplained possession as such circumstance, is not tenable in view of a closing instruction that jury would consider any explanation, if any, offered or received in evidence concerning such possession.

4.  Larceny—Theft of Horses—Recent Possession As "A Circumstance of Guilt"—Instruction Disapproved.

Possession, even when unexplained, of recently stolen property, is not, as trial court charged, "a circumstance of guilt;" it is a circumstance to be considered by jury in connection with all other facts in case.

5.  Criminal Law—Erroneous Instruction, as Requested—Error, Whether Prejudicial.

Where an instruction in a criminal prosecution is substantially the same as requested by defendant, the error was not prejudicial and is not ground for reversal.

6.  Larceny—Proof of Stealth by Defendant, As Evidence of Guilt—Instruction, Whether Prejudicial.

Where trial court instructed jury that if they were satisfied, etc., that the horses described in the information were stolen in Meade county, and that the defendant stole them there, they should find him guilty as charged, held, that, the court having read the information as part of his charge, which information contained a description of the horses claimed to have been stolen with an allegation of their value, and named the owner, and that the horses were taken by defendant and another by means of fraud and stealth, with intent to deprive owner thereof, and the court gave the statutory definition of larceny, such instruction was not prejudicial error as against the objections that it failed to include all elements of larceny, and that it assumed that some other person aided defendant in the larceny; there being no dispute that the horses belonged to the person named as owner, and no reference having been made in evidence, or by court, to any horses save those described in the information; and all the evidence relative to the taking of the horses tending to show they were taken by defendant and his co-defendant.

7.  Larceny—Instructions—"Stole," "Stolen," As Meaning Taking By Fraud and Stealth.

Nor was such instruction bad as not including all elements of larceny, because trial court used the word "stole," and "stolen," in referring to the transaction involved in the evidence; it will be assumed that those words meant the taking of the horses by fraud and stealth, and with intent to deprive the owner thereof.

8. **Same—Depriving Owner of Property "Permanently"—Instruction—Statute.**

An instruction, in a prosecution for larceny, is not erroneous for failing to recite that jury must find the property taken with intent to deprive owner thereof "permanently;" since the word "permanently" is not contained in the statutory definition of larceny, and need not be included in court's instruction.

9. **Criminal Law—Refused Instruction, Covered by Another—Error.**

Where instructions requested by defendant in a criminal prosecution, were substantially covered by those given, no error was committed.

10. **Same—Instructions Inapplicable to Facts, Refusal of—Error.**

It is not error to refuse to give requested instructions not applicable to the facts of the case.

Appeal from Circuit Court, Meade County. Hon. JAMES McNENNY, Judge.

The defendant, Robert C. James, was convicted of larceny of horses, and he appeals. Affirmed.

*Harry P. Atwater, for Appellant.*

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for the State.

(1) To point one of the opinion, Appellant cited: State v. Beard, 34 S. D. 76.

Respondent cited: Mason v. State, 171 Ind. 78, 85 N. E. 776, 16 Ann. Cas. 1212.

(2) To point two of the opinion, Appellant cited: State v. Moeller (N. D.) 126 N. W. 585; 12 Cyc. 442; Hart v. Hopson, 52 Mo. App. 177; Loggins v. State, 8 Tex. App. 434; Langford v. State (Ala.) 30 S. 503.

(3) To point three of the opinion, Appellant cited: State v. Gillepsie (Tex.) 84 Am. S. R. 411; Robb v. State (Neb.) 53 N. W. 134; Orr v. State, 107 Ala. 35, 18 So. 142.

Respondent cited: 25 Cyc. 133.

(6) To point six of the opinion, Appellant cited: Dobson v. State (Neb.) 85 N. W. 463; Bergeron v. State (Neb.) 74 N. W.

POLLEY, J. Appellant and one Guffey were jointly charged with the larceny of a band of horses in Meade county. Appellant requested and was granted a separate trial. He was convicted, and now seeks a reversal of the judgment of conviction upon the ground of alleged errors committed by the trial court.

[1] Appellant first contends, that the evidence, is not sufficient to establish the corpus delicti. The facts tending·to establish the larceny are as follows: The horses that are claimed to have been stolen belonged to one George Price. They had been raised and had always been kept on a comparatively small range in the vicinity of Price's ranch near Clover, in Meade county. They were last seen by Price before the larceny at his ranch, about the middle of June. They were next seen, some three or four weeks later, not far from the South Dakota line, in Custer county, Mont., in the possession of appellant and said Guffey. They were driven from there by said parties to Miles City, Mont. At that place appellant, claiming to be the owner of said horses, attempted to sell them. The horses had never been sold nor otherwise disposed of by said Price. He had never authorized any one to move or drive them from their usual range in Meade county, nor did appellant attempt to account for his possession of them. These facts are sufficient to establish the corpus delicti.

Counsel for appellant cite and rely upon State v. Beard, 34 S. D. 76, 147 S. W. 69, in support of their contention that the corpus delicti was not shown. The facts in the two cases are not similar. In that case it is said:

"It was not shown that the horse in question was ever lost or missed. * * * No evidence as to the whereabouts of the horse subsequent to October, 1912, was offered, until it was shown to be in possession of the defendant in March, 1913."

In this case not over three weeks elapsed from the time the horses were seen at home by their owner until they were seen in the possession of defendant in Montana. This fact, in the absence of any attempt by defendant to account for their possession, when considered in connection with the other evidence in the case, is sufficient to warrant the inference by the jury that the horses had been stolen.

[2] The admission of certain testimony relative to the acts and conduct of said Guffey, while not in the presence or hearing of appellant, is assigned as error. This testimony was objected to on the ground that it was immaterial, and was incompetent as against appellant, because it had not been shown that appellant and Guffey were acting pursuant to a concerted plan or understanding entered into by them to steal said horses. The testimony

complained of tended to show that Guffey was in the vicinity of Price's ranch at about the time the horses must have been taken. Such testimony was material for the purpose of showing that Guffey was in that vicinity at that time, and was competent as against appellant, provided there was other evidence sufficient to connect Guffey with appellant in the taking of the horses. There was also evidence tending to show that appellant was at Isabel, in Dewey county, at about the time the horses must have been taken. We believe the evidence was sufficient to establish such connection. The fact that Guffey and appellant were in joint possession and control of the horses when first seen after they had been taken from Price, and that they remained in the joint possession and control of them until they reached Miles City, is sufficient to show, prima facie at least, that they were acting in concert in an effort to deprive Price of his horses and in furtherance of a common design to effect that purpose. We believe this testimony was properly admitted.

[3] At the trial the court charged the jury as follows:

"I charge you, gentlemen of the jury, that the possession of stolen property, immediately after it is stolen, is a circumstance of guilt, which the jury have a right to consider with all the other evidence in the case."

This instruction is excepted to because the court did not say that it is the *unxplained* possession of stolen property immediately after it is stolen that is a circumstance of guilt that may be considered by the jury. What might have been the result, had the above instruction stood alone and unqualified, it is not necessary to determine. But in the closing part of the paragraph of the court's charge, in which the above-quoted language is found, the court used the following language:

"You would also consider what, if any explanation has been offered or received in evidence concerning that possession, and if that explanation should be satisfactory and such as would be reasonable, that would be a circumstance for you to consider with all the other evidence in the case. * * *"

This part of the instruction clearly told the jury that they must consider any explanation made by the defendant of his possession of the stolen property, and is a sufficient qualification of the portion of the instruction complained of, and the instruc-

tion, as a whole, is good as against the criticism made by the defendant.

[4, 5] But we do not approve of the instruction, either as given by the court or as requested by defendant. Possession of recently stolen property, even when such possession is unexplained, is not "a circumstance of guilt." It is a circumstance to be taken into consideration by the jury in connection with all the other facts in the case. But, inasmuch as the instruction given by the court is substantially the same as requested by the defendant, the error was not prejudicial, and therefore cannot be ground for reversal:

[6] The trial court instructed the jury that, if they were satisfied, beyond a resonable doubt, that the horses described in the information were stolen in Meade county, and that the appellant, by himself or in company with another, stole them in Meade county, they should find him guilty as charged in the information. This instruction is excepted to upon the following grounds:

"First, that it does not include all the elements of larceny, as it instructs the jury that they can find the defendant guilty, without finding that the property was the property of George Price, as alleged in the information; second, that the instructions assume that some other person aided or abetted the defendant in the larceny of the horses, while there is no competent evidence to that effect; third, that the instruction fails to include all the necessary elements of larceny, in that it fails to recite that the jury must find that the property was taken with intent to deprive the owner thereof permanently."

While this instruction is by no means as full as it well might be, we are unable to see how it in anywise prejudiced the appellant. This instruction, like the one above considered, must be read in connection with other portions of the instructions of the court. The trial court read the information as a part of his charge to the jury. This contained a description of the horses claimed to have been stolen, together with an allegation of their value, and that they were owned by George Price. It then alleges that the horses were taken by appellant and the said Guffey by means of fraud and stealth, and with intent to deprive the owner thereof. In addition to this, the court gave the jury the statutory definition of larceny. It is not disputed that the

horses in question belonged to George Price, and no reference was made in the evidence, or by court, to any horses except the ones described in the information as the horses of George Price. Therefore the jury could not have been misled by the instruction complained of, or have understood that such instruction authorized them to convict the appellant, unless they were satisfied beyond a reasonable doubt that appellant had stolen the identical horses described in the information.

[7, 8] The second ground of the exception is not well taken, because all of the evidence relative to the taking of the horses tended to show that they were taken by appellant and his codefendant, Guffey. And the same is true of the third ground. The trial court had already defined grand larceny, and when, in succeeding portions of the charge, the court used the word "stole," or "stolen," it will be assumed that it meant the taking of the horses described in the information, by fraud and stealth, and with intent to deprive the owner, George Price, thereof. The word "permanently" is not contained in the statutory definition of larceny, and it was not necessary that it should be included in the instruction of the court.

[9, 10] Appellant assigns as error the refusal of the trial court to give certain instructions requested by him. Some of these instructions correctly state the law applicable to the facts in this case; but, upon comparison with the instructions given by the court, we find such requested instructions to be substantially covered by the instructions given by the court. This cured any error that might have resulted from the court's refusal to give such requested instructions. The other instructions requested by appellant are not applicable to the facts in this case, and it was not error for the trial court to refuse to give them.

Upon a careful examination of the entire record in this case, we feel that the appellant had a fair trial, and that the verdict is fully supported by the evidence.

The judgment and order appealed from are affirmed.