(April 20, 1921.)

## STATE, Respondent, v. OSCAR FORD, Appellant.

[197 Pac. 558.]

MOTION FOR NEW TRIAL—MOTION TO SET ASIDE INFORMATION—DE-
MURRER—ARREST OF JUDGMENT—INSTRUCTIONS—BILL OF EXCEP-
TIONS.

1. This court cannot review an order denying motion for a
new trial, overruling a demurrer to an information, denying a
motion to set aside an information or refusing to arrest judg-
ment, nor can it pass upon objections to instructions given on
the court's motion, unless such matters are presented by bill or
bills of exceptions settled as required by law.

2. Evidence in this case *held* sufficient to sustain the verdict
and judgment.

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Appellant was convicted of the crime of adultery. *Affirmed.*

Eustace & Groome, for Appellant.

The evidence is insufficient to sustain the verdict and the
judgment in this case in that it is not shown that either
of the parties had an adulterous tendency. (2 C. J. 23;
*State v. Scott*, 28 Or. 331, 42 Pac. 1; *State v. Kimball*,
74 Vt. 223, 52 Atl. 430; *Green v. State*, 53 Tex. Cr. 540, 110
S. W. 908.)

Roy L. Black, Attorney General, and Clarence S. Hill and
James L. Boone, Assistants, for Respondent.

In order to procure a review of the action of the trial
court in overruling a demurrer to the information, an ex-
ception to such ruling must be saved and presented to the
appellate court by a bill of exceptions. (C. S., secs. 9008,
9010; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *State v.
Crawford*, 32 Ida. 165, 179 Pac. 511.) In order to procure
a review of the action of the trial court in giving certain

instructions of his own motion, an exception to such instructions must be saved in the record and presented to the appellate court by a bill of exceptions. (C. S., secs. 9008, 9010, 9013; *State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690; *State v. Ray,* 32 Ida. 363, 182 Pac. 857.)` In order to procure the review of the action of the trial court in overruling a motion in arrest of judgment, an exception to such ruling must be saved and presented to the appellate court by a bill of exceptions. (C. S., secs. 9008, 9010; *State v. Maguire, supra; State v. Crawford,' supra; State v. Ray supra.*) In order to procure a review of the action of the trial court in overruling a motion for a new trial, an exception to such action must be saved and presented to the appellate court by a bill of exceptions. (C. S., secs. 9008, 9010; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Park,* 31 Ida. 694, 175 Pac. 813; *State v. Ray, supra.*)

It is not error for the trial court to refuse to give requested instructions when their substance is fully covered by instructions given. (C. S., sec. 8972; *State v. Jones,* 28 Ida, 428, 154 Pac. 378.)

The evidence is sufficient to sustain the verdict. (*State v. Scott,* 28 Or. 331, 42 Pac. 1; *Monteith v. State,* 114 Wis. 165, 89 N. W. 828; *State v. La More,* 53 Or. 261, 99 Pac. 417; *Cummings v. State,* 14 Ga. App. 441, 81 S. E. 366; *Counts v. State,* 49 Tex. Cr. 329, 94 S. W. 220; *Wong Goon Let v. United States,* 245 Fed. 745, 158 C. C. A. 147; *State v. Kimball,* 74 Vt. 223, 52 Atl. 430.)

DUNN, J.—The defendant was convicted in the district court of Canyon county of the crime of adultery. His motion for a new trial was denied and he has appealed from the order denying said motion, as well as from the judgment, but we cannot review this order in the absence of a bill of exceptions. (*State v. Park,* 31 Ida. 694, 695, 175 Pac. 813, and cases cited.) The record shows no exception to the order of the court overruling defendant's demurrer to the information, nor to his motion to set it aside, nor to

the refusal of his motion in arrest of judgment, so that these alleged errors are not properly before this court. (*State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.)

We have examined the information and find that it charges a public offense.

Appellant assigns as error the refusal of the court to give certain instructions asked by him, but so far as these instructions contain correct propositions of law, they were fairly covered by the charge that was given by the court, and we find that the appellant was not prejudiced by the refusal of the court in this regard.

No exceptions appear to have been taken to the instructions given by the court on its own motion. In this state of the record these matters are therefore not before this court for review. (*State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690, and cases there cited.)

Some time after the case was submitted to the jury they returned into court for the purpose of having some portions of the testimony reread to them, and at that time a conversation took place between the trial judge and members of the jury which the appellant charges amounts to additional instructions, but no objection was made by the appellant so as to bring the matter before this court. Whatever was said by the trial judge at that time was simply a substantial repetition of portions of the written instructions already given to the jury. A reading of the record convinces us that nothing occurred at that time that was prejudicial to the rights of the appellant.

The evidence submitted to the jury amply supports the verdict and judgment. The other errors assigned are without merit. The judgment is therefore affirmed.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.