(April 23, 1921.)

STATE, Respondent, v. JOHN WHITE, Appellant.

[197 Pac. 824.]

UNLAWFUL POSSESSION OF INTOXICATING LIQUOR—FAILURE TO PRE-
SERVE EXCEPTIONS—INSTRUCTIONS—ALLEGED ENTRAPMENT OF DE-
FENDANT—EVIDENCE.

1. Assignments of error involving the action of the trial court
in overruling motion to quash the information, demurrer to the
information and objections to the introduction of testimony, and
in denying motion in arrest of judgment, are not reviewable upon
appeal when no exceptions thereto were taken or preserved in a
bill of exceptions.

2. Instructions given by the court of its own motion, to
which no exceptions were taken or preserved in a bill of excep-
tions, are not reviewable on appeal.

3. *Held,* under the facts in this case the court did not err in
overruling appellant's motion that the court advise the jury to
acquit appellant.

4. The record in this case fails to disclose by competent
evidence any attempt on the part of the sheriff or his deputies
to lure appellant into the commission of the offense for which
he was convicted, and error cannot be predicated upon the re-
fusal of the court to give appellant's requested instructions
thereon.

5. The unlawful possession of intoxicating liquor was a crime
under the statutes of this state at the time appellant was con-
victed thereof.

6. Where there is a substantial conflict in the evidence in a
criminal case and there is sufficient competent evidence to sustain
the verdict of the jury, such verdict will not be disturbed on
appeal.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Appellant was convicted of the crime of unlawfully possessing intoxicating liquor. *Affirmed.*

Eustace & Groome, for Appellant.

The defendant cannot be held where he was entrapped into the commission of the alleged offense by officers of the county. (*Wilcox v. People,* 17 Colo. App. 109, 67 Pac. 343; *People v. Braisted,* 13 Colo. App. 532, 58 Pac. 796; *State v. Hull,* 33 Or. 56, 72 Am. St. 694, 54 Pac. 159; *People v. Collins,* 53 Cal. 185; *Speiden v. State,* 3 Tex. App. 156, 30 Am. Rep. 126; *State v. Dougherty,* 88 N. J. L. 209, Ann. Cas. 1917D, 950, 96 Atl. 56, L. R. A. 1916C, 991; *Connor v. People,* 18 Colo. 373, 36 Am. St. 295, 33 Pac. 159, 25 L. R. A. 341; *People v. Murphy,* 93 Mich. 41, 52 N. W. 1042; *Roberts v. Territory,* 8 Okl. 326, 57 Pac. 840; *United States v. Whittier,* 5 Dill. 35, Fed. Cas. No. 16,688; *United States v. Matthews,* 35 Fed. 890, 891, 1 L. R. A. 104; *United States v. Adams,* 59 Fed. 674; *Saunders v. People,* 38 Mich. 218.)

Roy L. Black, Attorney General, and Alfred F. Stone and James L. Boone, Assistants, for Respondent.

The appellate court will not consider any error committed by the trial court in granting or refusing to set aside an indictment or information, allowing or disallowing a demurrer to an indictment or information, or in granting or refusing a motion in arrest of judgment when no exception to the order of the trial court is saved in the record. (Sec. 9008, C. S.; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Ray,* 32 Ida. 363, 182 Pac. 857.)

An exception to an order of the court admitting or excluding evidence must be saved in order to have such ruling reviewed on appeal. (Sec. 9011, C. S.; *People v. Kuok Wah Choi,* 2 Ida. 90, 6 Pac. 112; *State v. Ray, supra.*)

Opinion of the Court—Budge, J.

Objections to instructions given by the court upon its own motion must be preserved by a bill of exceptions in order to be reviewed upon appeal. (Sec. 9012, C. S.; *People v. Walter,* 1 Ida. 386; *People v. O'Callaghan,* 2 Ida. 156, 9 Pac. 414; *State v. Suttles,* 13 Ida. 88, 88 Pac. 238; *State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690.)

The giving or refusing to give the instruction provided for in sec. 8963, C. S., advising acquittal of the defendant, is in the discretion of the trial court and is not reviewable upon appeal. (*State v. Haverly,* 4 Ida. 484, 42 Pac. 506; *State v. Murphy,* 29 Ida. 42, 156 Pac. 908.)

The fact that a crime has been consented to by an officer or even induced by one for the purpose of entrapping defendant in the commission thereof is no defense. (*Hummelshime v. State,* 125 Md. 563, Ann. Cas. 1917E, 1072, 93 Atl. 990; *State v. Abley,* 109 Iowa, 61, 77 Am. St. 520, 80 N. W. 225, 46 L. R. A. 862; *Davis v. State,* 70 Tex. Cr. 524, 158 S. W. 288; *People v. Liphardt,* 105 Mich. 80, 62 N. W. 1022.)

The refusal to give requested instructions is not error when the essence and substance thereof is embodied in other instructions given by the court. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60.)

It is not necessary to allege or prove that intoxicating liquors were possessed "for beverage purposes." Chapter 11 of 1915 Session Laws, prohibiting the possession of intoxicating liquors, has remained in full force and effect at all times since its enactment. (*In re Crane,* 27 Ida. 671, 151 Pac. 1006, L. R. A. 1918A, 942; affirmed as to federal question, *Crane v. Campbell,* 245 U. S. 304, 38 Sup. Ct. 98, 62 L. ed. 304; *In re Baugh,* 30 Ida. 387, 164 Pac. 529.)

BUDGE, J.—Appellant was convicted of the crime of unlawfully possessing intoxicating liquor. This appeal is from the judgment of conviction.

From the record it appears that a quantity of intoxicating liquor, in the custody of the sheriff, was kept in a vault

in the basement of the Canyon county courthouse; that a portion of this liquor was found to be missing about March 18, 1918; that one Totterdell, a prisoner in the county jail, had been seen coming out of the basement with a bundle under his arm; that a cache of liquor was subsequently discovered near the jail; that it was not disturbed by the sheriff or his deputies; that appellant and Totterdell were friends and the former frequently visited the latter at the jail; that on the evening of March 18th appellant and one Colvard were in the vicinity of the jail, were seen near the place where the liquor was cached and shortly thereafter were arrested. The sheriff testified that immediately prior to the arrest he saw appellant take a bottle out of his pocket and one out of Colvard's pocket and throw them into a near-by ditch. Andrews corroborated this testimony, and Nichols testified that he saw the two bottles in the ditch immediately thereafter. When these bottles were taken out of the ditch they were found to contain whiskey and were identified as two of the bottles of whiskey that were in the cache. Appellant and Colvard testified to the contrary.

Appellant assigns and relies upon eleven assignments of error. Assignments Nos. 1, 2, 3 and 11 involve the action of the trial court in overruling appellant's motion to quash the information, in overruling the demurrer to the information, in overruling objections to the introduction of testimony, and in denying appellant's motion in arrest of judgment. None of these errors can be reviewed upon this appeal for the reason that no exceptions thereto were taken or saved in a bill of exceptions. (C. S., secs. 9008, 9011; *State v. Ford, ante, p.* 689, 197 Pac. 558; *State v. Ray,* 32 Ida. 363, 182 Pac. 857; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Smith,* 4 Ida. 733, 44 Pac. 554; *State v. Baker,* 28 Ida. 727, 156 Pac. 103; *State v. McGinnis,* 12 Ida. 336, 85 Pac. 1089; *State v. Schieler,* 4 Ida. 120, 37 Pac. 272; *State v. Reed,* 3 Ida. 754, 35 Pac. 706; *People v. Kuok Wah Choi,* 2 Ida. 90, 6 Pac. 112.)

Appellant's assignments Nos. 6, 7 and 8 attack certain instructions given by the court of its own motion, to which no exceptions were taken or saved in a bill of exceptions. The instructions are, therefore, not subject to be reviewed on appeal. (C. S., sec. 9012; *State v. Ford, ante,* p. 689; 197 Pac. 558; *State v. Lundhigh,* 30 Ida. 365, 164 Pac. 690; *State v. Peck,* 14 Ida. 712, 95 Pac. 515; *State v. O'Brien,* 13 Ida. 112, 88 Pac. 425; *State v. Suttles,* 13 Ida. 88, 88 Pac. 238; *People v. O'Callaghan,* 2 Ida. 156, 9 Pac. 414; *People v. Walter,* 1 Ida. 386.)

Assignment No. 4 involves the action of the court in overruling appellant's motion that the court advise the jury to acquit appellant. Under the facts in this case, the court did not err in overruling the motion.

Assignment No. 5 is directed to the refusal of the trial court to give appellant's requested instructions Nos. 7 to 12, inclusive.

Appellant's requested instruction No. 12 was fully covered in the court's instructions, and instructions 7 to 11, inclusive, were offered upon the theory that a trap had been laid for appellant by the sheriff and his deputies.

An examination of the record fails to disclose any competent evidence which supports the theory of the appellant that the officers lured him into the commission of the offense for which he was convicted. It clearly appears that Totterdell informed him of the cache, and that in taking liquor therefrom he voluntarily carried out his own criminal design. Neither the sheriff nor his deputies offered any suggestion or inducement to him to commit the criminal act. The mere fact that they knew of the cache and failed to remove it,—and conceding that they knew appellant had been informed of it, and would attempt to get the liquor, upon which they would arrest and prosecute him,—would not bring him within the rule announced by this court in the case of *State v. Mantis,* 32 Ida. 724, 187 Pac. 268. The court did not err in refusing to give appellant's requested instructions Nos. 7 to 11.

Under assignment No. 9, appellant seeks to make the point that the evidence is insufficient to sustain the verdict and judgment, in that (a) no evidence was introduced showing that the liquor in question was to be used for beverage purposes, and (b) the evidence fails to show that appellant was in possession of the liquor or any part thereof.

The former contention has already been disposed of by this court in *State v. McBride, ante,* p. 124, 190 Pac. 247.

With respect to the latter contention there is a direct conflict in the evidence. The rule is well settled that where there is a substantial conflict in the evidence, and there is sufficient competent evidence to sustain the verdict, such verdict will not be disturbed.

There is no merit in assignment No. 10, and the same will not be discussed.

Having disposed of all the errors assigned, and finding no reversible error, the judgment is affirmed.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.