(April 23, 1921.)

STATE, Respondent, v. ROSCOE A. COLVARD, Appellant.

[197 Pac. 826.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Appellant was convicted of the crime of unlawfully possessing intoxicating liquor. *Affirmed.*

Eustace & Groome, for Appellant.

Appellant is charged with the violation of Senate Bill No. 50; no reference or attempt is made to place the alleged offense under the provisions of House Bill No. 142, and in

order to hold appellant under the judgment of conviction it becomes necessary for the court to read into the provisions of House Bill No. 142 the word "possession," which had been rejected by the legislature, and to strike out the words "for beverage purposes," which had been specifically included by the legislature. (*United States v. Wiltberger*, 5 Wheat. (U. S.) 76, 5 L. ed. 37, see, also, Rose's U. S. Notes.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

An order overruling defendant's motion to quash an information or an order overruling defendant's demurrer to information must be excepted to. (Sec. 9008, C. S.; *State v. Crawford*, 32 Ida. 165, 179 Pac. 511; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175.)

It is within the discretion of the trial court to grant defendant's motion that the court advise the jury to acquit the defendant. (*Territory v. Neilson*, 2 Ida. 614, 23 Pac. 537; *State v. Haberly*, 4 Ida. 484, 42 Pac. 506; *State v. Murphy*, 29 Ida. 42, 156 Pac. 908; *State v. Grant*, 26 Ida. 189, 140 Pac. 959; *State v. Jones*, 28 Ida. 428, 154 Pac. 378.)

Instructions given on the court's own motion in a criminal case are not deemed excepted to, and in order to be reviewed must be excepted to and properly preserved by a bill of exceptions, or excepted to and incorporated in the reporter's transcript of the proceedings at the trial. (Sec. 9006, C. S.; *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690; *State v. Ray*, 32 Ida. 363, 182 Pac. 857.)

BUDGE, J.—In this case the facts and questions of law are substantially the same as presented to this court in the case of *State v. White, ante*, p. 697, 197 Pac. 824. Upon the authority of that case, the judgment of conviction herein is affirmed.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.