(October 25, 1921.)

STATE, Respondent, v. CHARLES W. SNOOK, Appellant.

[201 Pac. 494.]

DEMURRER TO CRIMINAL COMPLAINT—MOTION TO QUASH—EXCEPTIONS
TO COURT'S RULING—BILL OF EXCEPTIONS—TRIAL—REPORTER'S

1. Alleged errors of trial court in overruling demurrer to criminal complaint and in denying motion to quash complaint can be presented to this court only by bill or bills of exception properly settled and incorporated in the record.

2. Rulings of the district court on demurrer to criminal complaint and motion to quash such complaint are not a part of the trial, and are therefore not included in the reporter's transcript.

3. Prosecution of misdemeanors triable in the probate and justice courts may be commenced in the district court by filing a criminal complaint.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Appellant was convicted of the crime of running sheep on cattle range. *Affirmed.*

E. W. Whitcomb and L. E. Glennon, for Appellant.

The district courts have concurrent jurisdiction with the justice and probate courts in misdemeanor cases. (*State v. Raaf,* 16 Ida. 411, 101 Pac. 747; *Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44.) And while the decision in *Fox v. Flynn, supra,* would indicate a holding to the effect that a misdemeanor case may be prosecuted upon complaint of the prosecuting attorney, yet that question was not directly before the court, and it is evident that important statutory provisions bearing directly upon that question were only given casual attention, if considered at all by the court.

Sec. 13, art. 5, of the constitution, clearly empowers the legislature to prescribe the procedure in the prosecution of criminal cases; and it must necessarily follow that when

the legislature has prescribed a particular method of procedure, the method so prescribed must be followed.

Sec. 8768, C. S., provides: "All public offenses triable in the district court must be prosecuted by indictment, or information, except as provided in the next section." The following section to which reference is made pertains solely to proceedings for removal from office, and in no way limits the application of the provisions of sec. 8768, *supra*, so far as this case is concerned.

Roy L. Black, Attorney General, Clarence S. Hill and James L. Boone, Assistants, for Respondent.

Where exceptions are not taken and saved at the time a demurrer or motion to set aside an indictment are overruled, or if they are not properly presented in the record by bill of exceptions, the objections are waived and cannot be considered on appeal. (*State v. Crawford*, 32 Ida. 165, 179 Pac. 511; *State v. Ray*, 32 Ida. 363, 182 Pac. 857; *State v. Park*, 31 Ida. 694, 175 Pac. 813; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175; C. S., secs. 9009, 9010, 9013, 9077; *State v. Smith*, 5 Ida. 291, 48 Pac. 1060; *State v. Larkins*, 5 Ida. 200, 47 Pac. 945; *State v. Dupuis*, 7 Ida. 614, 65 Pac. 65; *State v. Mushrow*, 32 Ida. 562, 185 Pac. 1075; *State v. Subisarretta*, 33 Ida. 473, 195 Pac. 625; *State v. Ford*, 33 Ida. 689, 197 Pac. 558; *State v. White*, 33 Ida. 697, 197 Pac. 824; *State v. Colvard*, 33 Ida. 702, 197 Pac. 826.)

Where jurisdiction is conferred by the constitution, the district court may adopt the procedure which is outlined for inferior courts in misdemeanor cases, or it may follow the special statutory provision prescribed by sec. 6511, C. S. (*Fox v. Flynn*, 27 Ida. 580, 150 Pac. 44.)

Attention is also called, in connection with sec. 6511, to sec. 6457, wherein original jurisdiction has been conferred on the district court according to and in the same terms as stated by the constitution.

DUNN, J.—Appellant was tried and convicted on a charge of violating C. S., sec. 8333, which makes it a misdemeanor

for one to herd, graze and pasture sheep upon a cattle range, and he has appealed from the judgment.

Appellant assigns the following errors:

1. The court erred in not sustaining defendant's demurrer to the information herein.

2. The court erred in not sustaining defendant's motion to quash the information herein.

3. The verdict of the jury is contrary to law, in that the evidence is insufficient to sustain the verdict.

4. The judgment of the court is contrary to law, in that the evidence is insufficient to sustain the judgment.

It is the contention of appellant that all of the foregoing errors are properly presented to this court by the reporter's transcript of the proceedings on the trial, but the respondent objects to the consideration of the first and second alleged errors on the ground that no exception was taken by the appellant at the time of the court's orders overruling the demurrer and denying his motion to quash the information, and that such exceptions, if so taken, could be presented to this court only by bills of exception properly settled and incorporated in the record. This contention of the respondent must be sustained, for this court has so held in a long line of decisions, the most recent of which are, *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Subisarretta,* 33 Ida. 473, 195 Pac. 625; *State v. Ford,* 33 Ida. 689, 197 Pac. 558; *State v. White,* 33 Ida. 697, 197 Pac. 824; *State v. Colvard,* 33 Ida. 702, 197 Pac. 826.

The other two errors assigned alleging the insufficiency of the evidence to sustain the verdict and judgment are too general to comply with the requirements of C. S., sec. 9068, which reads as follows:

"Sec. 9068. Appeal by Defendant. An appeal may be taken by the defendant:

"1. From a final judgment of conviction.

"2. From an order denying a motion for a new trial.

"3. From any order made after judgment, affecting the substantial rights of the party.

"Upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, *Providing,* a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court." (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Jones,* 28 Ida. 428, 154 Pac. 378.)

Notwithstanding the inadequacy of the last two assignments of error, we have examined the transcript of the testimony taken on the trial and find that there is substantial evidence to sustain the verdict and judgment.

This action was commenced in the district court of Lemhi county by the filing of a criminal complaint by James T. Spencer and Frank Sharkey charging the appellant with the crime above stated. Appellant contends that the district court is without jurisdiction to entertain such prosecution unless it be brought by indictment, citing article 5, section 13, of the state constitution as follows:

"Sec. 13. Power of Legislature Respecting Courts. The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution."

And also C. S., sec. 8768, as follows:

"Sec. 8768. Mode of Prosecution. All public offenses triable in the district court must be prosecuted by indictment, or information, except as provided in the next section."

The next section relates to removal from office of certain officers.

Appellant takes the position that without some legislative action expressly authorizing the filing of a criminal complaint in the district court in any case which would be triable in the probate or justice court no prosecution can be commenced in the district court except by indictment. This contention of appellant is refuted by the decision of this court in the case of *Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44, where the procedure followed in the case at bar was expressly approved.

Appellant strongly urges upon this court his view that since the adoption in criminal cases of the practice of using the reporter's transcript of the proceedings on the trial in lieu of a bill of exceptions, such transcript should be held to include all of the proceedings from the time of the filing of an information or complaint. This position is untenable for the reason that the reporter's transcript covers only such matters as occur during the trial of a criminal action, and the trial cannot by any proper construction of the statute be held to include those law questions raised by demurrers and motions to quash which are disposed of before the trial begins. The law with regard to reviewing the action of the trial court in such matters is the same as it was before it authorized the use of the reporter's transcript as a bill of exceptions. (See C. S., secs. 9008 and 9010; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.)

In accordance with the foregoing views the judgment of the trial court must be and is hereby affirmed.

Rice, C. J., and Budge, McCarthy, and Lee, JJ., concur.