(August 1, 1922.)

## STATE, Respondent, v. HENRY · NEIDERMARK, Appellant.

[208 Pac. 232.]

POSSESSION OF INTOXICATING LIQUOR—EVIDENCE—CONFLICT—SUFFICIENCY.

Where there is a substantial conflict in the evidence, and there is sufficient competent evidence to sustain the verdict, such verdict will not be disturbed.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Prosecution for the crime of possessing intoxicating liquor to be used for beverage purposes. Judgment of conviction. Defendant appeals. *Affirmed.*

Walter H. Hanson and Therrett Towles, for Appellant.

Where the evidence leaves the defendant's guilt in doubt, a new trial should be granted, as contrary to the evidence. (*Reynolds v. State,* 24 Ga. 427; *Rafferty v. People,* 72 Ill. 37; *Stout v. State,* 78 Ind. 492; *State v. Hilton,* 22 Iowa, 241; *Crandall v. State,* 28 Ohio St. 479; *State v. Kane,* 1 McCord L. (S. C.) 482; *Owens v. State,* 35 Tex. 361; *Brite v. State,* 10 Tex. App. 368; *Ellis v. State,* 10 Tex. App. 540; *Saltillo v. State,* 16 Tex. App. 249; *Dean v. Commonwealth,* 32 Gratt. (Va.) 912.)

In a civil case, an appellate court will not disturb the verdict if there is any evidence to support it. In a criminal case, however, a new trial will be granted when the evidence preponderates against the verdict. (*Territory v. Reuss,* 5 Mont. 605, 5 Pac. 885; *Leake v. State,* 29 Tenn. (10 Humph.) 144; *State v. Curtis,* 30 Ida. 537, 165 Pac. 999.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

The rule is well settled that where there is a substantial conflict in the evidence and there is sufficient competent evidence to sustain the verdict, such verdict will not be disturbed. (*State v. Silva*, 21 Ida. 247, 120 Pac. 835; *State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. Mox Mox*, 28 Ida. 176, 152 Pac. 802; *State v. White*, 33 Ida. 697, 197 Pac. 824; *State v. Colvard*, 33 Ida. 702, 197 Pac. 826.)

DUNN, J.—Appellant was convicted of the crime of unlawfully possessing intoxicating liquor for sale for beverage purposes. He moved for a new trial, which the court denied, and he has appealed from the judgment and also from the order denying a new trial.

All of the errors assigned by appellant are grouped and discussed under the general proposition that the evidence is insufficient to support the verdict, but a careful reading of the record shows this contention to be without merit. While there is a conflict, there is sufficient competent evidence to sustain the verdict. This brings the case within the rule that "where there is a substantial conflict in the evidence, and there is sufficient competent evidence to sustain the verdict, such verdict will not be disturbed." (*State v. White*, 33 Ida. 697, 197 Pac. 824; *State v. Colvard*, 33 Ida. 702, 197 Pac. 826; *State v. Mox Mox*, 28 Ida. 176, 152 Pac. 802; *State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. Silva*, 21 Ida. 247, 120 Pac. 835.)

The judgment is affirmed.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.