## STATE, Respondent, v. FRANK BRASSFIELD, Appellant.

[232 Pac. 1.]

GRAND LARCENY—ABSENT WITNESS—FORMER TESTIMONY—WITNESSES —IMPEACHMENT—PREREQUISITES—INSTRUCTIONS — ALIBI — CORPUS DELICTI — CIRCUMSTANTIAL EVIDENCE — CONFLICTING EVIDENCE — VARIANCE.

1. When it is properly shown that a witness who testified at a former trial is beyond the jurisdiction of the court and that proper diligence has been used in an unsuccessful endeavor to secure his attendance, and his testimony is competent and involves the same issues, it is not reversible error for the court to permit the prosecuting attorney to read such testimony to the jury upon a second trial.

2. The requirements of C. S., sec. 8039, must be complied with before an impeaching question can be put to a witness, but this statute must not be given such an unreasonable construction as to devitalize it and where it is plain that the witness was not misled, that her attention was directed to the identical occasions or conversations brought out by the impeaching testimony, to the places and persons present, and she was asked whether she

---

Publisher's Note.

1. Use in criminal case of testimony given on former trial or preliminary examination by witness not available at present trial, see notes in 1 Ann. Cas. 471; 13 Ann. Cas. 973; Ann. Cas. 1913C, 440, 464; Ann. Cas. 1917A, 658; 15 A. L. R. 495; 21 A. L. R. 662.

made such statements, the requirements of the statute are complied with.

3. Instruction of the court touching the defense of an *alibi* considered and *held* properly given. *Held*, also, that the same substantially covers instruction on the same subject requested by defendant.

4. Reversible error cannot be predicated upon the refusal of the court to advise the jury to acquit.

5. The *corpus delicti* may be proven by direct or circumstantial evidence, but the latter must be clear and convincing and exclude all uncertainty. Evidence examined and *held* sufficient to establish the *corpus delicti*. The order in which the different material facts are introduced is immaterial.

6. Where there is a substantial conflict in the evidence but sufficient competent evidence to support the verdict and judgment based thereon, the same will not be disturbed.

7. *Held*, that where an information charged the larceny of geldings, proof of larceny of horses does not constitute a fatal variance.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Appellant was convicted of the crime of grand larceny and appeals. *Judgment affirmed.*

J. R. Smead, for Appellant.

Before a witness can be impeached by proof of statements made out of court, the time, place and parties present at such conversation must be strictly and precisely called to the witness' attention. (C. S., sec. 8039; *Hilbert v. Spokane etc. R. R. Co.*, 20 Ida. 54, 116 Pac. 1116; *State v. Farmer*, 34 Ida. 370, 373, 201 Pac. 33.)

An instruction that the jury may require corroboration to their satisfaction of the other testimony of a witness

4. Power and duty of court to direct or advise acquittal in criminal case for insufficiency of evidence, see note in 17 A. L. R. 910.

5. Proof of *corpus delicti* in criminal case, see notes in 1 Ann. Cas. 823; 68 L. R. A. 33.

whom they believe to have wilfully testified falsely as to some material matters is error. (*State v. Boyles,* 34 Ida. 283, 200 Pac. 125; Jones on Evidence, 1st ed., sec. 905, and authorities cited.)

It is error to limit defendant's proof to a particular phase of the controversy, by instruction, particularly where the same evidence covers other phases of the matter, and such instruction is a comment on the evidence made without authority. (*State v. Jones,* 28 Ida. 428, 154 Pac. 378.)

Alibi evidence justifies an acquittal when it raises a reasonable doubt as to defendant's presence at the time and place of the alleged larceny, and refusal to give a requested instruction to that effect is error. (*State v. Rice,* 7 Ida. 762, 66 Pac. 87.)

Proof that animals, apparently at liberty to wander away, were "missed," that they "disappeared," does not constitute proof of larceny. A "taking" must be proved. (*State v. Sullivan,* 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647; 16 C. J. 529, sec. 994.)

Where the description of property in an information for larceny is stated in detail, the proof must describe the property referred to by witnesses in detail and in conformity to the description in the information. (*State v. Wilson,* 9 Wash. 218, 37 Pac. 424; *State v. Blank,* 33 Ida. 730, 197 Pac. 821; *State v. Sullivan,* 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647.)

Possession of property is not evidence of larceny by the possessor. The larceny must be sufficiently shown by other independent evidence. (*State v. Sullivan, supra; State v. Seymour,* 7 Ida. 257, 61 Pac. 1033; *State v. Stenberg,* 39 Ida. 575, 227 Pac. 1050.) Nor where there is no evidence identifying property so possessed with property that had been stolen. (25 Cyc. 132; *State v. Lackland,* 136 Mo. 26, 37 S. W. 812; *United States v. Candler,* 65 Fed. 308.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Where a witness is absent beyond the jurisdiction of the court the absent witness' testimony given at a former trial

may be reproduced. (*Smith v. Georgia*, 15 A. L. R. 517, note; *Cline v. State*, 61 Am. St. 887, note; *Henwood v. People*, 57 Colo. 544, Ann. Cas. 1916A, 1111, 143 Pac. 373; *People v. Johnson*, 51 Cal. App. 464, 197 Pac. 135; *Mattox v. United States*, 156 U. S. 237, 15 Sup. Ct. 337, 39 L. ed. 409, note.)

In laying the foundation for the impeachment of a witness, in complying with the provisions of C. S., sec. 8093, only reasonable certainty is required. It is necessary only that the witness shall clearly understand the matter about which he is interrogated and is not misled. (28 R. C. L., sec. 223, note 9; 40 Cyc. 2731, notes 67–73.)

The instruction dealing with the false testimony of a witness given by the court on its own motion is correct. (*Baird v. Gibberd*, 32 Ida. 796, 189 Pac. 56.)

The instruction on alibi given by the court on its own motion is correct. (*State v. Webb*, 6 Ida. 428, 55 Pac. 892; *State v. Bogris*, 26 Ida. 587, 144 Pac. 789.)

It is not error to refuse a requested instruction when the matter is fairly covered by an instruction given by the court on its own motion. (*State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Petrogalli*, 34 Ida. 232, 200 Pac. 119; *State v. Black*, 36 Ida. 27, 208 Pac. 851.)

Instructions must be read, considered and applied as a whole. (*State v. Ramirez*, 33 Ida. 803, 199 Pac. 376; *State v. Petrogalli, supra; State v. Saylko*, 37 Ida. 430, 216 Pac. 1036.)

It is not error to refuse to advise the jury to acquit. (*State v. Sullivan*, 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647.)

The *corpus delicti* can be proved by circumstantial evidence. (*Choate v. State*, 12 Okl. Cr. 560, L. R. A. 1917A, 1287, 160 Pac. 34; *State v. Black, supra; State v. James*, 39 S. D. 263, 164 N. W. 91.)

Possession of stolen property is evidence of guilt and taken with all the other circumstances is sufficient upon which to predicate a verdict of guilty. (*State v. Seymour*, 7 Ida. 257, 61 Pac. 1033; 9 C. J., sec. 127, p. 1070; 9 C. J.,

secs. 144, 145, p. 1082; 4 R. C. L., sec. 34, p. 440; *Collins v. People,* 69 Colo. 343, 193 Pac. 634; *Smith v. State,* 85 Tex. Cr. 355, 212 S. W. 660.)

The term "horse" is generic and includes gelding. (*People v. Pico,* 62 Cal. 50; *People v. Butler,* 2 Utah, 504; *People v. Monteith,* 73 Cal. 7, 14 Pac. 373; *People v. Melandrez,* 4 Cal. App. 396, 88 Pac. 372.)

BUDGE, J.—Appellant was convicted of the crime of grand larceny. This appeal is from the judgment. This is the second time this case has been before this court, the decision in the former case being reported at 33 Ida. 660, 197 Pac. 559, where a statement of the material facts in the case will be found. We will proceed to take up and dispose of the errors relied upon for a reversal in the order in which they are stated in appellant's brief.

The first error assigned involves the action of the trial court in permitting the prosecuting attorney to read to the jury the testimony of one, Steenson, given upon the former trial, Steenson not being present as a witness. The objection is based upon the ground that no proper foundation was laid justifying the admission in evidence of the testimony of this witness in the manner above indicated. This question has not to our knowledge received the attention of this court upon any former occasion. The decisions of the different states are not in harmony on the question as to whether such testimony is admissible against the accused under such circumstances. However, the weight of authority would seem to be that when it appears that the witnesses who testified at a former trial are beyond the jurisdiction of the court and the evidence is competent and between the same parties, involving the same issues, and proper diligence to secure their attendance is shown, as in this case, such evidence is admissible, the reason for the rule being that it is the best evidence which can be produced. (*United States v. Macomb,* 5 McLean, 286, Fed. Cas. No. 15,702.) It has further been held by courts of respectability that no constitutional right of the defendant is violated by permitting

such testimony to be read to the jury; that while the defendant is guaranteed the right, by the sixth amendment to the federal constitution, to be permitted to meet the witnesses against him face to face, having had that opportunity on the first trial his constitutional rights have been observed. (*Henwood v. People*, 57 Colo. 544, Ann. Cas. 1916A, 1111, 143 Pac. 373; *People v. Johnson*, 51 Cal. App. 464, 197 Pac. 135.) However, this state has no such constitutional provision and the same has application to federal courts only. (Ann. Cas. 1916A, 1091, 1093.)

Assignments of error Nos. 2, 2a, 2b, 2c, 2d, 3 and 3a involve the admission, over appellant's objection, of certain testimony introduced by the state for the purpose of impeaching the testimony of the mother of appellant. It is strenuously insisted by appellant that no proper foundation was laid justifying the admission of this testimony as required by C. S., sec. 8039. We have carefully examined the record touching the admission of this testimony. It is voluminous and no good purpose could be served by setting it out in *haec verba*. However, it is quite apparent to our minds that the witness, Mrs. Robbins, was not misled and that her attention was sufficiently called to each and every fact and circumstance upon which the state later sought to impeach her. Her attention was called to the time, place and persons present when these alleged conversations took place and she was directly asked whether she made such statements. She denied *in toto* that she knew the impeaching witness Smith with whom she was charged with having had conversations both over the telephone and at the hotel in Caldwell. She denied that she knew Smith. She denied each and all of the statements said to have been made by her at the time or place named by the state. She denied that she met Smith at Caldwell or in the hotel at Caldwell or elsewhere. She denied that she made any of the statements attributed to her in the presence of Chris Peterson, who, it is claimed by the state, was present. She denied specifically that she was at Caldwell on the twenty-third or twenty-fourth day of July, 1917, where the statements were

alleged to have been made in the presence of Smith and Chris Peterson. It would seem to us that the examination of this witness was sufficiently broad to negative the contention that the witness was surprised or that the testimony had not been sufficiently related to her with the circumstances of times, places and persons present and she was asked whether she made these statements which were fully related to her, all of which she denied. In our opinion we do not think it can be consistently said that a proper foundation was not laid within the provisions of C. S., sec. 8039. As is said in 40 Cyc. 2731:

"The essential matter, however, is that the witness shall not be misled; and where it is plain that the attention of the witness was directed to the identical occasion or conversation brought out by the impeaching testimony, this is sufficient; and it is immaterial that the question put to the witness does not designate exactly or varies slightly from the impeaching evidence as to the time or place at which, or the name of the person to whom, the statement was made, or the exact words used in the former statement, or even fails to designate the persons to whom or in whose presence the statement was made."

While it must be conceded that the requirements of C. S., sec. 8039, must be complied with before an impeaching question can be put to a witness, this statute must not be given such an unreasonable construction as to devitalize it. Whether the witness was successfully impeached or not becomes a question of fact for the jury to determine under proper instructions.

Assignment of error No. 4 calls into question the correctness of the following instruction given by the court:

"If you believe that any witness has wilfully sworn falsely to any material fact in issue, then you should disregard such false testimony, and you are at liberty to disregard the other testimony of such witness unless he is corroborated by testimony, facts or circumstances to your satisfaction."

40 Idaho—14

An instruction substantially in the language of the instruction above quoted was before this court in the case of *Baird v. Gibberd,* 32 Ida. 796, 189 Pac. 56, the giving of which the court held not reversible error.

Assignments of error Nos. 5 and 5a are predicated upon the action of the court in its refusal to give appellant's requested instruction No. 1 and the giving of an instruction by the court upon its own motion, both instructions having reference to the defense of an alibi. Appellant's requested instruction reads as follows:

"Where the defendant relies on an alibi for his defense, it is not necessary that he prove such alibi by a preponderance of the evidence, but it is sufficient if his evidence tending to establish such alibi, taken in connection with all the other evidence in the case, leaves in your mind a reasonable doubt as to his guilt or innocence, and if such reasonable doubt exists you should acquit."

The instruction of the court is in the following language:

"One of the defenses interposed by the defendant in this case is an alibi; that is, that the defendant was in another place at the identical time the crime was committed, if committed at all, and consequently could not have committed the crime or aided or abetted in its commission. If *in view of all the evidence,* you have a reasonable doubt as to whether the defendant was at the place where the crime was committed at the time of its commission, if you find that the crime was committed, and if that causes you to have a reasonable doubt as to whether the defendant committed the crime or aided and abetted in its commission, then you should acquit the defendant."

It is appellant's contention that the court's instruction as given limited his proof of an alibi to Ada county and precluded the jury from considering his proof of an alibi at the time that the horses alleged to have been stolen were sold at Buhl. An examination of the instruction offered by appellant fails to disclose the fact that any importance was attached by appellant to his proof of an alibi at the time that the horses were sold at Buhl. The point sought to be

made by appellant's proffered instruction was that it was not necessary that he prove such alibi by a preponderance of the evidence but it is sufficient if his evidence tending to establish such alibi, taken in connection with all of the other evidence, leaves in the jury's mind a reasonable doubt as to his guilt or innocence. That the appellant is not called upon to establish his alibi beyond a reasonable doubt will be conceded. However, it is an affirmative defense and it was incumbent upon appellant to come forward with his proof of an alibi, and where the state has established a *prima facie* case and the appellant relies upon the defense of an alibi, the burden is upon him to prove it, not beyond a reasonable doubt nor by a preponderance of the evidence, but by such evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the minds of the jury a reasonable doubt of his guilt. In the trial court's instruction it will be seen that the court instructed the jury that "one of the defenses interposed by the defendant in this case is an alibi," or, in other words, that he was in another place at the identical time the crime was committed and consequently could not have committed the crime or aided or abetted in its commission. The court further said: "If in view of all the evidence," that is, the evidence touching the matter of the theft of the horses in Ada county and the sale of the horses to Nick Smith at Buhl, and any other evidence touching the alleged crime, the jury had a reasonable doubt as to whether the appellant was at the place where the crime was committed at the time of its commission, if they found that a crime had been committed, and if in view of all the evidence offered by the state and the defendant it was of such a character that caused them to have a reasonable doubt as to whether the defendant committed the crime or aided or abetted in its commission, then it was their duty to acquit him. In view of the instruction requested by the appellant, which made no mention and gave no intimation to the court of the objection now urged to the court's instruction, it might well be said that it was invited error.

However, be that as it may, we are not of the opinion that the instruction was so limited as to deny the appellant a substantial right, or that it is subject to the criticism that it limited appellant's proof of an alibi to Ada county, or that it required the jury, in order to acquit appellant, to first found one reasonable doubt upon another, or that it was so confusing and ambiguous as to mislead the jury. Particularly is this true when this instruction is read in connection with all of the instructions given in the case.

Assignments of error Nos. 6, 6a, 7, 7a, 7b and 7c relate first to instructions given and refused as to the necessity of conformity of the proof to the description of the property contained in the information; second, to the court's refusal to advise the jury to acquit appellant, and third, to the sufficiency of the evidence to support the verdict and the judgment. We will first consider the action of the court in refusing to advise the jury to acquit appellant. Reversible error cannot be predicated upon the refusal of the court to advise the jury to acquit. (*State v. Sullivan,* 34 Ida. 68, 80, 17 A. L. R. 902, 199 Pac. 647.)

An examination of the instructions given by the court of its own motion convinces us that the court correctly advised the jury that the proof of the larceny of the property must conform to the description of the property contained in the information, collectively or separately. The court instructed the jury that:

"To justify a conviction of the defendant for larceny, of the *horses described in the information, or any one of them,* the state must prove beyond a reasonable doubt that the defendant *took the exact horses described, or some one of them.* If you find beyond a reasonable doubt that the defendant took certain horses, then in order to justify a conviction on the charge laid in the information the description of the horses so taken as given in the evidence must conform to the description as given in the information to the extent that you are satisfied beyond a reasonable doubt that the horses so taken are the same horses described in the information."

" . . . . the only charge upon which the defendant is now on trial is that of the larceny of *the horses or any of said horses.*"

" . . . . (1) If you find from the evidence beyond a reasonable doubt that the defendant is guilty of taking *the horses, or any of them,* with larcenious intent as explained in these instructions, your verdict should be 'Guilty of grand larceny as charged in the information.'"

"(2) If you find from the evidence that the defendant is not proved beyond a reasonable doubt to have taken *the horses or any of them,* with larcenious intent, your verdict should be 'Not Guilty.'" .

An examination of all of the instructions given by the court satisfies us that the instructions given were sufficient to substantially cover the instructions refused.

We come now to the question of the sufficiency of the evidence to support the verdict and judgment. With marked ability, coupled with evidence of exceptional industry, appellant, through his counsel, insists that the evidence is totally insufficient in several respects. It is first contended that the evidence fails to establish the *corpus delicti* or body of the crime, or, in other words, that the state wholly failed to prove the larceny as charged in the information was actually committed, and in the absence of proof of the actual perpetration of the crime the appellant could not be legally convicted. For instance, on a charge of homicide, the accused should not be convicted unless the death be distinctly proven either by direct evidence of that fact or by inspection of the body and the burden would rest upon the state to establish the fact that the crime had actually been committed as any other fact. However, proof tending to connect the accused with the alleged crime may properly be admitted without first establishing the *corpus delicti,* the order of proof being within the sound discretion of the court. (*State v. Alcorn,* 7 Ida. 599, 97 Am. St. 252, 64 Pac. 1014; 30 C. J., p. 150, sec. 360.) The *corpus delicti* may be proven by direct or circumstantial evidence. The latter must be of a higher order than the former or

in other words must be clear and convincing and exclude all uncertainty. (*State v. Sullivan*, 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647.) But if there is sufficient direct or circumstantial evidence to satisfy the minds of the jury beyond a reasonable doubt it is sufficient. What are some of the facts tending to establish the *corpus delicti* in the instant case? The proof is clear that the horses described in the information, which we think were sufficiently identified by the numerous witnesses called by the state, were the property of Morrison & Knudsen Company and that they had not parted with the title thereto; that these horses were in charge of a keeper and were being fed and cared for on what is known as the Knudsen ranch in Ada county; that they were seen daily and their disappearance promptly noticed; that immediate search was made for the missing horses without success. The evidence is also convincing that the horses were taken by the appellant to a livery-barn at Mountainhome and were there in the possession and under the control of the appellant; that they were thereafter taken from Mountainhome to Buhl, at which place they were sold by the appellant under an assumed name to one Nick Smith for $600, Smith giving to appellant, under the name of Brown, a check in payment for the horses. Appellant's signature on the check, placed there prior to the time it was cashed, was identified as appellant's handwriting by witnesses who were competent to testify thereto. That appellant had the possession of the particular horses described in the information on the face of the record cannot be successfully contradicted. It has been said, and we think correctly, that the presumption arising from the possession of the fruits of the crime shortly after its commission, which in all cases is one of fact rather than law, is occasionally so strong as to render unnecessary any direct proof of the *corpus delicti*. Appellant claimed to be the owner of the horses at Buhl when he sold them to Nick Smith. The horses were identified and reclaimed by one of the owners at Buhl. They were returned by way of Mountainhome and identified by the livery-stable owner.

Appellant was identified also as the party who brought the horses in the first instance to the livery-stable and was also identified by Smith as the man from whom he purchased them and to whom he gave the check. There is still other evidence of identification which is unnecessary here to recite. The facts are sufficient to establish the *corpus delicti*. (*State v. James,* 39 S. D. 263, 164 N. W. 91.)

What we have said with reference to the sufficiency of the evidence to establish the *corpus delicti* is applicable to the sufficiency of the evidence to support the verdict of the jury and we do not deem it necessary to discuss the evidence further in this respect, except to say that there is a substantial conflict therein. The rule is too well established to require comment that where there is a substantial conflict in the evidence but sufficient competent evidence to support the verdict and the judgment founded thereon, the same will not be disturbed. (*State v. Askew,* 32 Ida. 456, 184 Pac. 473; *State v. Ford,* 33 Ida. 689, 197 Pac. 558; *State v. Steen,* 29 Ida. 337, 158 Pac. 499; *State v. White,* 33 Ida. 697, 197 Pac. 824; *State v. Colvard,* 33 Ida. 702, 197 Pac. 826; *State v. Shepard,* 39 Ida. 666, 229 Pac. 87.)

There is another point in this case urged by appellant through his counsel that is rather unique and finds support in some of the authorities cited in appellant's brief. C. S., sec. 8429, defines grand larceny as the taking of a "horse, mare, gelding, cow, steer, bull, calf, mule, jack, goat, jenny, sheep or hog." The information charges that appellant "did wilfully, unlawfully and feloniously, steal, take and carry away certain personal property of another, to wit: One Black gelding, weighing about 1400 pounds, and having a white star in face, and about five years old; and one Coal Black gelding, weighing about 1350 pounds, and about five years old; and one Brown gelding, weighing about 1350 pounds, with white stripe in face, and about four years old, and one sorrel gelding, weighing about 1300 pounds with white stripe in face and between three and four years old. . . . . "

It is insisted that the proof totally fails to show that any of the horses alleged to have been stolen were geldings; that there is a fatal variance between the allegation in the information and the proof in this respect, and for that reason the verdict should be set aside and the judgment reversed. The question presented is discussed in the case of *People v. Butler,* 2 Utah, 504, and we are disposed to follow the rule announced in that case. (See, also, *People v. Pico,* 62 Cal. 50; *People v. Monteith,* 73 Cal. 7, 14 Pac. 373; *People v. Melandres,* 4 Cal. App. 396, 88 Pac. 372.)

Finding no reversible error in the record, the judgment is affirmed, and it is so ordered.

McCarthy, C. J., William A. Lee and Wm. E. Lee, JJ., concur.