FRANK ROYCE v. THE TERRITORY OF OKLAHOMA.

1. CONSTITUTIONAL LAW—*Indictment.* Article V, of the constitution of the United States, providing that, "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury," does not mean an accusation in the mere form of an indictment, but does mean a presentment or indictment found and returned by a grand jury, legally selected, empanelled and sworn and upon competent evidence, as authorized by law; and a trial of a person for such crime without an indictment thus found and returned, is in violation of constitutional right and void.

2. CRIMINAL LAW—*Indictment, Proceedings to Set Aside.* Where a defendant fi es a motion to set aside and quash an indictment on the grounds that it is found by a grand jury, without legal and competent evidence, but upon hearsay testimony, and makes application to the trial court to set a day for the taking of testimony as to the matters alleged in said motion, and for the subpoena of witnesses therefor, in accordance with § 5110, Statutes 1893, as amended, (Laws of 1895, p. 106), it is reversible error for the court to refuse such application and to summarily overrule said motion, and to proceed with the trial of the indictment.

*Error from the District Court of Garfield County.*

*Beaucham & Rush* and *W. S. Denton,* for appellant.

No briefs filed for the appellee.

The opinion of the court was delivered by

TARSNEY, J.:   The defendant was tried, found guilty and sentenced for the crime of embezzlement, at the November, 1895, term of the district court of Garfield county.   From the judgment of conviction he appealed, and assigns numerous errors appearing in the record of the proceedings preliminary to said trial, and upon the trial of the cause.   The indictment was found and returned at April, 1895, term of said district court. Thereafter, on the 16th day of said month, defendant filed his motion in said cause to set aside and quash said indictment, and for an order to take testimony thereon, assigning as ground for said motion as follows:

"Fourth.   For a further reason for quashing said indictment, the defendant says that the grand jury which found said indictment received incompetent, illegal, irrelevant, hearsay and secondary evidence in order to receive any testimony which would authorize them to return said indictment into this court; and that without said illegal, incompetent, irrevelant, hearsay and secondary evidence, there was no testimony introduced whatever before said grand jury which proved or tended to prove in any manner the charge set out in said indictment.

"Fifth.   For a further ground for setting aside and quashing said indictment, this defendant says he in good faith believes that the only testimony before said grand jury which was legal and proper testimony, was to this effect and this effect alone:   That this defendant, as an officer of the 'O' County bank, received and collected a sum of money set out and described in said indictment; but this defendant says that from the names of the witnesses which appear upon said indictment, he in good faith

believes that there was no legal testimony introduced before said grand jury which would show or tend to show that said sum of money was not duly and properly remitted or paid to the parties then and there entitled to the same."

To support this motion, the defendant, on the same day, filed his application in said court for an order fixing a day for the hearing of testimony upon said motion in said court, and that witnesses might be subpœned in his behalf to testify in relation to said matter; which application was supported by an affidavit of the defendant to the effect that affiant, in good faith, believed that all the legal testimony which was introduced before said grand jury was to the effect that the defendant had received and collected the sum of money set out and described in said indictment from the Arkansas Lumber company; that there was no legal evidence to prove or tending to prove in any manner that said money was not duly and properly remitted and paid to the parties entitled thereto; that affiant in good faith believes that the following illegal, irrelevant and incompetent testimony was introduced before said grand jury in order to induce them to find and return said indictment, to-wit:   That F. W. Edmonds and E. Warecck testified before said grand jury that they had been informed by the S. E. Barrett Manufacturing company, (the party whose money is alleged to have been embezzled), that said sum of money had not been remitted or paid to them by defendant.   That a former indictment, which charged defendant with said offense, and which had been by the court quashed and set aside  was exhibited to said grand jury and considered by them as evidence in order to induce them to find and return an indictment.   That in order to induce said grand jury to return said indictment, the county attorney

of said county, in the presence of the grand jury, stated to them that he was not, at that time, in possession of legal and competent testimony to show that said sum of money was not duly and properly remitted and paid to the party entitled thereto, but that such testimony was in existence and that upon the trial of said cause, before a jury in the district court, he would be in possession of such testimony, and would there introduce the same and could thereby obtain a conviction of the crime charged in said indictment. That the grand jury, by reason of said illegal, incompetent, irrelevant, secondary and hearsay testimony, and illegal, incompetent and improper statement of said county attorney, and the exhibition of said old indictment, were induced without any legal testimony whatever, which proved or tended to prove in any manner, that defendant was guilty of the crime charged in said indictment, to find and return said indictment into court. That defendant, in good faith, desired that witnesses might be summoned before the court to testify in relation to the matters set out in the application, and that a day might be fixed for the hearing of said testimony by the court; and that witnesses might be subpœned to testify in relation to said matter; that thereupon, on said day, the court overruled the application of defendant to take testimony in support of said motion to set aside and quash said indictment, and overruled said motion to quash and set aside said indictment, to which action of the court defendant at the time duly objected and excepted.

As the grand jury is an informing and accusing body, which makes its investigation and holds its deliberations in secret, and irresponsible for its official action upon matters of fact, except before the tribunal of public

opinion, it is very important that its powers, duties and methods of proceedure should be well understood and should be strictly confined within the conservative and salutary limits imposed by law, which experience has shown to be necessary to subserve the public good, and to accomplish a just and impartial administration of the criminal law. Mr. Rice, in his work on Criminal Evidence vol. 3, page 409, says:

"The jealousy, with which the early law guarded the secrets of the grand jury room, has largely disappeared. The sacremental character of that august body is very imperfectly recognized at the present day. The thoery that the proceedings before this body are beyond the scrutiny or condemnation of court or counsel, is a foolish pretense that is very generally abandoned. Malice, corruption and ignorance frequently combine to impress upon the proceedings of this body the tyrannical and oppressive functions of the Star Chamber and the Council of Ten. And to say, or even intimate, that where corrupt practices exist, there is no method open for their proper disclosure, is simply to insist that our criminal law is crippled with a hideous deformity."

At the common law, an indictment is invalid and may be quashed where it is found and returned by a grand jury not legally constituted or where there was no legal evidence before the grand jury, upon which it was based; and this invalidity might be shown upon a plea in abatement. ·The proceedings of grand juries cannot ordinarily be disclosed; but this rule is not to be carried to the extent of obstructing justice or creating wrong and hardship. A court may inquire into the evidence upon which a grand jury has found an indictment, and if such evidence is plainly illegal and incompetent, should quash the indictment. (*People v. Restenblatt*, 1 Abb. Pr. 268; Rice on Ev. 411; Bishop's New Criminal Procedure,

5—v.

vol. 1, sec. 764; *State v. Grady*, 12 Mo. Ap. 361; *United States v. Kirkpatrick*, 16 Fed. Rep. 765).

Where a plea in abatement is sufficient on its face, issue should be taken thereon and such issue should be tried, and if summarily overruled without any issue being taken thereon, such action of the court is irregular. Upon a proceeding of this character, the supreme court of Wissincon has said:

"This method of disposing of a plea in abatement was undoubtedly irregular. The district attorney should have taken issue thereon, either by reply or demurrer and such issue should have been tried. This was decided in *Martin v. State*, 79 Wis. 165. We trust we shall not be again required to call attention to this rule of procedure." (*Baker v. State*, 50 N. W. 518). .

*People v. Lauder*, 46 N. W. 956; *Priest v. State*, 6 N. W. 468. If the plea contains a material averment on which issue is joined, it is error for the court to refuse the prisoner a trial of it. (*Bohannan v. State*, [Neb.] 18 N. W. 139).

Under the statutes of this territory, the motion to quash and set aside an indictment takes the place of the plea in abatement at common law. Our statutes, § 5049 and 5050, Statutes 1893, as amended, (Laws of 1895, page 195), provides:

"Section 5049: In the investigation of a charge for the purpose of presenting an indictment or accusation, the grand jury may receive the written testimony of the wittnesses taken in the preliminary examination of the same charge and also the sworn testimony prepared by the county attorney without bringing those witnesses before them, and may hear evidence given by witnesses produced and sworn before them and may also receive legal documentary evidence.

"Section 5050: The grand jury may not receive hearsay or secondary evidence."

These provisions do not qualify or change the rule of
the common law, requiring that the indictment must be
found on legal and competent evidence. And § 5110,
Statutes of 1893, as amended, (Laws of 1895, page 196),
provides that:

"The indictment must be set aside by the court in
which the defendant is arraigned, and upon his motion, in
either of the following cases: First: When it is not found
endorsed, presented or filed as prescribed by the statutes
of the territory, or when the grand jury is not drawn
and empanelled as provided by law and that fact is known
to the defendant at or before the time the jury is sworn
to try the cause. *  *  To enable the defendant to
make proof of the matter set up as ground for setting
aside the indictment, the defendant may file his applica-
tion before any court of record in the county, setting out
and alleging that he is indicted in the district court,
naming it, and setting out a copy of his motion to set
aside the indictment and alleging, all under oath, that he
is acting in good faith and praying for an order to ex-
amine witnesses in support thereof. The court shall,
thereupon, issue subpœnaes to compell any or all wit-
nesses desired to appear before him at the time named,
and shall compell the witnesses to testify fully in regard
to the matter, and reduce the examination to writing, and
certify to the same, and it may be used to support the
motion. *  *  All witnesses, including grand jurors,
shall be bound to answer fully and shall not be answer-
able for the testimony so given in any way, except for
the crime of perjury committed in giving such evi-
dence."

These provisions simply declare and codify the rules
of the common law, under which no indictment was valid,
unless found and based upon legal and competent evi-
dence; that its invalidity, in this respect, might be
brought to the attention of the court by a plea in abate-
ment, and that the facts to sustain said plea might be

shown by the testimony of witnesses, and that the de-
fendant was of right entitled to a trial of the matters so
set up and relied upon in his plea in abatement. It is
true that at the common law, a motion to quash or a
plea in abatement was an appeal to the discretion of the
judge, and that matters of judicial discretion cannot or-
dinarily be reviewed upon appeal; but that proposition is
not involved in the case at bar.  Here, the court below
refused to exercise that discrection by refusing to set a
day for hearing of the matters set up in the motion, and
by refusing to summon or hear witnesses in that behalf
and by summarily overruling the application and motion.
We think this was substantial error against the rights of
the defendant.  He could only be legally put upon trial
upon a valid indictment; to the validity of such indict-
ment it was essential that it should have been found by a
grand jury upon legal and competent evidence tending
to sustain the offense charged.  The defendant sought to
avail himself of the rights guaranteed to him, both by
the common law and the statute, by showing that such
indictment was found without any legal or competent
evidence, showing the commission of the crime charged,
and to this end the motion to set aside and the applica-
tion for the taking of testimony in support thereof
plainly alleged that there was no evidence before the
grand jury that the money alleged to have been collected
and embezzled had not been remitted and paid to the
owner, and that therefore there was no evidence before
the grand jury legally establishing or tending to estab-
lish the conversion of said money, by the defendant, to
his own use; and hence, that there was no legal or com-
petent evidence as to an essential element constituting
the crime of embezzlement.  That the want of such com-
petent evidence was attempted to be supplied by hearsay

statements and by the improper presentation to the grand jury, of a former indictment that had been quashed, and the improper statement of such prosecuting attorney that, if an indictment were returned, without such essential legal evidence, he could afterwards procure such evidence, and by presenting it to the trial jury secure a conviction. We think the motion and application to take testimony presented a right to be heard upon the motion showing the invalidity of the indictment, that it was a substantial right of the defendant to be allowed to establish the facts stated in such motion, for the purpose of showing that he was about to be tried without due process of law, and that the court below, while in determining said motion, after hearing the evidence thereon, would exercise a judicial discretion, not ordinarily reviewable; it had no discretion to refuse to hear said motion or to refuse the application to take testimony to sustain the facts stated in such motion and that such refusal was error, reversible by this court.

The importance of the proposition involved may be appreciated when it is considered that the defendant had no other way to have the question presented to the attention of the court or considered by it; as under our statutes, it could not be presented, either upon a motion for a new trial or upon a motion in arrest of judgment; hence, if it be not substantial error for a trial court to summarily overrule a motion to set aside and quash an indictment, based upon the grounds stated in this motion, and to arbitrarily refuse to comply with the statutes and permit the defendant to produce evidence showing its invalidity, then the constitutional right of one accused of crime may be taken from him and he may be held to answer to a capital or otherwise infamous crime without a

presentment or indictment of a grand jury. The consti-
tution, in guaranteeing this right to persons accused of
crime, did not mean a mere form of indictment, but
meant a valid indictment, found and presented in accord-
ance with the ancient and just rules and safeguards of
law, provided for the organization, action and conduct of
grand juries.

As the views we entertain upon this proposition neces-
sitates a reversal and setting aside of the judgment of
the court below in this cause, it is not necessary that we
shall consider the many other assignments of error pre-
sented in the record. The judgment of the court below
is reversed and the cause remanded with instructions to
proceed in accordance with the views herein expressed.

McAtee, J., who presided in the court below, not sit-
ting; all the other Justices concurring.