## 161.  ELLIOTT *v.* THE STATE.

1. In this State, by statute, where the grand juries, at two several terms of the court, act upon a bill of indictment against a person charged with crime or a misdemeanor, and each fails to find the bill "true," it is a bar to any further prosecution of the same person for the same offense, whether under the same or another name or charge, and such defense may be pleaded in bar or given in evidence under the general issue.

2. The highest evidence of the action of the grand juries in such a matter would be the entry of their return upon the minutes of the court. In the absence of this degree of proof, resort to secondary evidence may be had, and the defense may be established by any other competent testimony. After the absence of a higher degree of proof has been accounted for, individual grand jurors, having knowledge of the facts, are competent as witnesses upon such an issue.

Accusation of adultery and fornication, from city court of Nashville—Judge Peeples. November 7, 1906.

Submitted January 28,—Decided January 31, 1907.

*Hendricks, Smith & Christian,* for plaintiff in error.

*W. D. Buie, solicitor,* contra.

POWELL, J. The defendant was charged with a misdemeanor, upon an accusation in the city court of Nashville. He filed a special plea, setting up that three successive grand juries of the county had investigated the identical transaction with which he stood accused, and had returned a "no bill" at each term. It was agreed between counsel for the State and for the accused that the "no bills" were not in the office of the clerk of the superior court, and that no evidence of the return appeared of record. The defendant then offered to sustain this defense by producing one or more of the members of each of the grand juries and proving by them that, at each of the three successive terms, the grand jury had investigated this identical transaction and upon a vote had returned a "no bill." The court refused to allow the proof to be made by this means.

1. Our Penal Code, § 930, provides: "Two returns of 'no bills' by grand juries, on the same charge or accusation, shall be a bar to any future prosecution for the same offense, either under the same or another name, unless such returns have been procured by the fraudulent conduct of the person charged, on proof of which, or of newly discovered evidence, the judge may allow a third bill to be presented, found and prosecuted." This section of the code is a condensation of an act approved January 29, 1850, entitled: "An act to protect the people of this State from vexatious prosecutions in cases where grand juries may hereafter refuse to find true bills." Whatever obscurity of meaning may exist in the statute, as codified, may be relieved by an inspection of the original act, which is set out at large in Cobb's Digest, 863, as follows "Whereas, by existing laws, persons charged with crimes or mis-

demeanors are subject to be indicted on the same charge at different terms of our superior courts, notwithstanding a grand jury, on an investigation of the charge or charges, may ignore a bill or bills of indictment and refuse to find a bill predicated upon such charge or charges, which is contrary to justice, and for remedy whereof. Sec. 1. Be it enacted, that where grand juries impaneled and sworn may hereafter refuse at two several terms of the superior courts of this State, to find a true bill of indictment against any person of persons charged with a crime or misdemeanor in such courts, it shall be a bar to any further prosecution of the same person or persons for the same offense, whether under the same or another name or charge, and may be either plead in bar or given in evidence under the general issue. Sec. 2. No defendant or party accused or indicted, who has either directly or indirectly, by bribery or undue influence, induced a grand jury to ignore a bill, or who has directly or indirectly prevented a witness or witnesses from attending and giving evidence before the grand jury having a charge under consideration, shall be entitled to the provisions of this act. Sec. 3. If the two bills shall have been ignored as contemplated in the foregoing sections of this bill, and the prosecutor, within three terms of the court thereafter, shall. show to the court on oath, in writing, that a material witness for the prosecution absented himself from the previous courts, and that the attendance of such witness can be then had or procured, and also the name of such witness, and what he expects to prove by him or them, or that he has subsequently discovered additional testimony, then and in that case the court may in its discretion allow a third bill of indictment to be preferred." Therefore if the defendant could have substantiated, by proof, his plea, as offered in the court below, he should have been acquitted.

2. If return has been made of a "no bill" in the case, and the return has been entered upon the minutes, this, or the original "no bill" itself, would be the highest evidence of the action of the grand jury in the matter, but, in the absence of this degree of proof, resort may be had to other competent testimony. Since the result of establishing such a defense would not be to impeach the finding of the grand jury, but, to the contrary, would be to support the finding, the individual grand jurors are competent witnesses. It was therefore error for the court, the absence of proof

of a higher nature having been accounted for, to refuse to allow proof to be made by the individual grand jurors that a bill or presentment had been preferred, voted upon, and returned "not true."

*Judgment reversed.*