(June 23, 1922.)

## STATE, Respondent, v. JOSEPH MOODIE, Appellant.

[207 Pac. 1073.]

C. S., SEC. 8333—GRAZING SHEEP ON CATTLE RANGE—COMPLAINT—DE-
MURRER—MOTION TO QUASH—ORIGINAL JURISDICTION OF DISTRICT
COURT IN MISDEMEANOR CASES — INSUFFICIENCY OF EVIDENCE —
SPECIFICATION OF ERROR.

1. Alleged errors of trial court in overruling demurrer to
criminal complaint and in denying motion to quash complaint can
be presented to this court only by bill of exceptions properly set-
tled and incorporated in the record.

2. In prosecutions under C. S., sec. 8333, it is not necessary
to show that the cattle range is on public land.

3. Prosecution of misdemeanors triable in the probate and jus-
tice courts may be commenced in the district court by filing a
criminal complaint.

4. Where the contention is that there is no evidence to prove
the offense, or a material element thereof, a general allegation
that the evidence is insufficient raises the point. If there is any
evidence the particulars of insufficiency must be stated.

APPEAL from the District Court of the Sixth Judicial
District, for Lemhi County. Hon. F. J. Cowen, Judge.

Appeal from judgment of conviction of grazing sheep on
a cattle range. *Affirmed.*

L. E. Glennon, for Appellant.

The provisions of our statutes commonly known as the
"Two-mile limit law," and the "Priority law," are appli-
cable only to offenses committed in the use of the public
domain. (*State v. Horn,* 27 Ida. 782, 152 Pac. 275; *State
v. Omaechevviaria,* 27 Ida. 797, 799, 152 Pac. 280; *Omaeche-
varria v. State,* 246 U. S. 343, 38 Sup. Ct. 323, 62 L. ed.
763; *McGinnis v. Friedman,* 2 Ida. 393, 17 Pac. 635; *Sweet
v. Ballentyne,* 8 Ida. 431, 69 Pac. 995; *Spencer v. Morgan,*
10 Ida. 542, 79 Pac. 459.)

"All public offenses triable in the district court must be prosecuted by indictment, or information, except as provided in the next section." (Sec. 8768, C. S.)

The subsequent section relates entirely to proceedings for the removal of officers, and in no way restricts the application of the preceding section to the case at bar.

No provision has been made for holding a preliminary examination in misdemeanor cases, so that the method of prosecuting by information is not available. The mode of prosecuting misdemeanor cases in the district court is properly by an indictment, and this is the only way in which the district court can acquire jurisdiction of a misdemeanor case prosecuted originally in that court.

Roy L. Black, Attorney General, James L. Boone, Assistant, and E. W. Whitcomb, for Respondent.

It is necessary to save an exception to an order of the court overruling a demurrer to the information, or a motion to quash. (Sec. 9008, C. S.; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511.)

It is necessary on appeal to particularize in the specification of error wherein the evidence is insufficient to support the judgment or the verdict. (Sec. 9013, C. S.; Rule 42, Rules Supreme Court; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *Hole v. Van Duzer,* 11 Ida. 79, 81 Pac. 109; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Humphrey v. Whitney,* 17 Ida. 14, 103 Pac. 389; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602.)

McCARTHY, J.—Appellant was convicted of grazing sheep on a cattle range in violation of C. S., sec. 8333. The appeal is from the judgment. The specifications of error are, first, the court erred in not sustaining the defendant's demurrer to the complaint; second, in not sustaining appellant's motion to quash the complaint; third, the evidence is insufficient to sustain the verdict; fourth, the evidence is insufficient to sustain the judgment.

The action of the trial court in overruling the demurrer and denying the motion to quash cannot be reviewed because not presented in a bill of exceptions. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827.)

Waiving this technical point we conclude that the court did not err. The specifications of uncertainty set forth in appellant's demurrer are not well taken. The point that the complaint does not state that the range in question was a part of the public domain is not well taken. In prosecutions under C. S., sec. 8333, it is not necessary to allege or prove that the cattle range is on public land. (*State v. Bidegain,* 34 Ida. 365, 201 Pac. 312.) The point raised by the motion to quash was that the filing of the sworn complaint in the district court did not invest the court with jurisdiction to try the charge. This point is disposed of by *State v. Snook, supra,* holding: "Prosecution of misdemeanors triable in the probate and justice courts may be commenced in the district court by filing a criminal complaint."

As to the third and fourth specifications the state contends they must be disregarded because they do not state the particulars in which the evidence is insufficient. (C. S., sec. 9068; *State v. Snook, supra.*) Appellant's counsel contends in the brief that there is no evidence to show that appellant acted wilfully or knowingly in violation of the statute. Where the contention is that there is no evidence to prove the offense, or a material element thereof, a general allegation that the evidence is insufficient raises the point. If there is any evidence the particulars of insufficiency must be stated. (*State v. Becker, ante,* p. 568, 207 Pac. 429.) We will consider whether there is evidence to show that appellant acted wilfully and knowingly in violation of the law. This court has held that, in order to justify a conviction under C. S., sec. 8333, there must be an intent to violate the law, "or the failure upon the part of the defendant by the exercise of ordinary diligence to ascertain whether or

not the range upon which he drives, herds and grazes his sheep is a cattle range within the meaning of said section.'' (*State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280.)

''The intention to commit the act, as well as the commission of the act, are necessary and essential ingredients of the crime.''    (*Ibid.*)

Appellant argues that there is no evidence to show he knew he was grazing his sheep upon a cattle range, and that any intent to violate the law is rebutted by the fact that two persons owning ranches in the vicinity gave him permission to use the range. He was convicted of grazing sheep on this range on or about May 9th. Witness Shoup testified he first saw appellant's sheep on this range on April 19th and remonstrated with him, telling him that it was a cattle range. This was sufficient to justify the jury in finding that he acted wilfully and knowingly on May 9th. The two neighbors in question denied that they absolutely consented to the use of the range. Even if they did, this would not justify the appellant when, as was shown, there were other cattle men who had used and claimed the range. We conclude the evidence is sufficient to support the verdict and judgment.

The judgment is affirmed.

Rice, C. J., and Dunn, J., concur.