## STATE, Respondent, v. GUSTAVE PETEREIT, Appellant.

[229 Pac. 747.]

DEMURRER TO INFORMATION—BILL OF EXCEPTIONS—ERRORS ASSIGNED BUT NOT ARGUED—TESTIMONY OF ACCOMPLICE—CORROBORATION.

1. Errors assigned but not supported by citation of authorities nor argued by appellant either orally or in his brief will not be discussed or considered on appeal.

2. The overruling of a demurrer to an information will not be reviewed by this court unless the point is properly presented by bill of exceptions as required by C. S., sec. 9008.

3. Record examined and corroborating evidence found sufficient to fully meet requirements of C. S., sec. 8957.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. Robert M. Terrell, Judge.

Appellant was convicted of the crime of being a persistent law violator. *Affirmed.*

John A. Bagley, for Appellant.

The corroborating evidence must be upon some material fact or circumstances which, standing alone, and independent of the evidence of the accomplice, tends to connect the defendant with the commission of the offense. (*State v. Knudtson*, 11 Ida. 524, 83 Pac. 226; *State v. Bond*, 12 Ida. 424, 86 Pac. 43; *People v. Koening*, 99 Cal. 574, 34 Pac. 238; *Coleman v. State*, 44 Tex. 109; *State v. Grant*, 26 Ida.

189, 140 Pac. 959; *State v. Rooke,* 10 Ida. 388, 79 Pac. 82; *Middleton v. State,* 52 Ga. 527.)

An accomplice must be corroborated as to the *corpus delicti.* (*Smith v. State,* 10 Wyo. 157, 67 Pac. 977; *State v. Williams,* 46 Or. 287, 80 Pac. 655; *State v. Koplan,* 167 Mo. 298, 66 S. W. 967; *State v. Stevenson,* 26 Mont. 332, 67 Pac. 1001.)

Evidence obtained from the testimony of an accomplice is now universally looked upon as coming from a polluted source and received only from necessity. (1 Ency. Ev. 98, and cases cited.)

A. H. Conner, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

In order to reverse the action of a trial court in overruling a demurrer, the order of the court together with the exception saved must be incorporated in a special bill of exceptions. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Moodie,* 35 Ida. 574, 207 Pac. 1073; *State v. Cosler, ante,* p. 519, 228 Pac. 277.)

There is sufficient corroborating evidence to corroborate the testimony of the alleged accomplice, Fred J. Tuescher. (*State v. Gillum, ante,* p. 457, 228 Pac. 334.)

Where errors are assigned but not discussed either in the brief or upon oral argument and no authorities are cited in support of the assignment, they will neither be reviewed, considered nor discussed by this court. (*State v. Brockman, ante,* p. 468, 228 Pac. 250.)

DUNN, J.—Appellant was convicted of the crime of being a persistent violator of chapter 125 of the Compiled Statutes, commonly known as the prohibition law of the state, and was sentenced to serve not less than one year nor more than two years in the Idaho Penitentiary. The appeal is from the judgment.

Appellant has assigned seven errors, but in his brief and oral argument he has discussed only two. The other assignments not being discussed by counsel nor supported by any citations of authority will not be discussed or considered by this court. (*State v. Brockman, ante,* p. 468, 228 Pac. 250.)

The first error relied upon by appellant in his brief and oral argument is the overruling of his demurrer to the information. This matter is not properly before · us, for the reason that it has not been incorporated in a bill of exceptions as required by C. S., sec. 9008. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Moodie,* 35 Ida. 574, 207 Pac. 1073; *State v. Cosler, ante,* p. 519, 228 Pac. 277.)

The other error upon which appellant relies is the insufficiency of the evidence to corroborate the testimony of the appellant's alleged accomplice, Fred J. Tuescher. Without reviewing the evidence in detail it is enough to say that the testimony of Tuescher is sufficiently corroborated by that of Mrs. Tuescher and Mrs. Freda Herschi to fully comply with the requirements of C. S., sec. 8957, which reads as follows:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other. evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof." (*State v. Gillum, ante,* p. 457, 228 Pac. 334.)

The judgment of the trial court is affirmed.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.