(November 11, 1925.)

STATE, Respondent, v. C. J. WILSON, Appellant.

[242 Pac. 787.]

CRIMINAL LAW—FALSE REPORT OF CONDITION OF BANK—INTENT TO DECEIVE—BILL OF EXCEPTIONS—ACQUITTAL—INFORMATION—GRAND JURY—IGNORING CHARGE.

1. In a prosecution of a bank officer for knowingly making a false report of the condition of his bank under the last division of C. S., sec. 5276, it is not necessary to allege in the information or to prove that such report was made with the intent to deceive.

2. In order to obtain a review by this court of an order refusing to quash an information the matter should be presented by a special bill of exceptions as required by C. S., sec. 9010.

3. The ignoring of a charge against an appellant by a grand jury is not an acquittal of such charge.

4. On a trial, on a plea of "not guilty," proffered testimony that the charge contained in the information had been ignored by a grand jury prior to the filing of the information is properly rejected.

APPEAL from the District Court, for Lincoln County. Hon. B. S. Varian, Judge.

Appellant was convicted of having made a false report of the condition of the Declo State Bank to the Commissioner of Commerce and Industry. *Affirmed.*

Harlan D. Heist and Harmon E. Hosier, for Appellant.

The doctrine of *res judicata* is not applicable to motions in a pending action. (*Johnston v. Brown,* 115 Cal. 694, 47 Pac. 686; *Ford v. Doyle,* 44 Cal. 635.)

An issue of fact was raised by the defendant's plea of former acquittal and not guilty. (C. S., sec. 8903.) ·

"Issues of fact must be tried by jury." (C. S., sec. 8904; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Gutke,* 25 Ida. 737, 139 Pac. 346; *People v. Tucker,* 115 Cal. 337, 47 Pac. 111; *Bonham v. State,* 6 Okl. Cr. 227, 118 Pac. 159.)

The only mode in which the defendant could avail himself of the bar would be to plead and prove it as a defense, and the question of identity of a charge can only be determined by a jury. (*Terrill v. Supreme Court of Santa Clara Co.,* 127 Cal. xviii, 60 Pac. 38; *State v. Towers,* 37 Nev. 94, Ann. Cas. 1916D, 269, 139 Pac. 776; *Ex parte Hayter,* 16 Cal. App. 211, 116 Pac. 370.)

There is no doubt about the offer of proof raising a jurisdictional question. (*In re Winn,* 28 Ida. 461, 154 Pac. 497; *State v. Crook,* 16 Utah, 212, 51 Pac. 1091.)

"In a criminal case the party does not waive his rights by not insisting upon them, and, if the court has no jurisdic-

tion by law to try the case, it is not cured by the party failing to claim his right to be dismissed." (*People v. DuRell*, 1 Ida. 44.)

"The objection that the court is not a legal court, or that it has no jurisdiction of the offense, cannot be waived, and may therefore be taken at any time." (16 C. J. 184; *State v. McNally*, 23 Utah, 277, 64 Pac. 765; *State v. Morrey*, 23 Utah, 273, 64 Pac. 764; *State v. Goodall*, 82 Or. 329, 160 Pac. 595.)

"Where a court is without jurisdiction in the premises, its acts and proceedings can be of no force or validity." (15 C. J. 851, 852, 853.)

When a jurisdictional question is raised the only way that the same can be determined by the court is by inquiry. The method of inquiry is immaterial. (*Radil v. Sawyer*, 85 Neb. 235, 122 N. W. 980; *Perry v. Griefen*, 99 Me. 420, 59 Atl. 601.)

A court must, as an incident to its general power to administer justice, have authority to consider its own right to hear a cause; but its assumption of authority to proceed in a cause does not confer jurisdiction where it does not exist. (*Brougham v. Oceanic Steam Nav. Co.*, 205 Fed. 857; *Evans v. Christian*, 4 Or. 375.)

"The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court." (*Apache State Bank v. Vioght*, 61 Okl. 253, 161 Pac. 214; *Mansfield C. & L. M. R. Co. v. Swan*, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. ed. 462; *Morris v. Gilmer*, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. ed. 690.)

The defendant here offered evidence to show that the court had no jurisdiction in the matter. The court refused to accept the evidence going to its own jurisdiction. That evidence should have been admitted to show that the court was without jurisdiction to try the matter. (*Territory v. Lobato*, L. R. A. 1917A, 1226, note.)

A. H. Conner, Attorney General, John W. Cramer, Sam Blaine and James L. Boone, Assistants, for Respondent.

In order to review the action of the trial court in denying a motion to quash, the action of the trial court must be incorporated in a special bill of exceptions. (C. S., secs. 9008, 9010.)

The alleged ignoring of a charge by a grand jury is not a former acquittal, and a plea of former acquittal based on such purported action of the grand jury is not recognized in this state. (C. S., secs. 8879, 8880, 8884, 8885.)

An exception must be saved to the ruling of the trial court on the refusal to admit certain testimony. (C. S., sec. 9006.)

It is not necessary for the state to prove, where a defendant is charged with making a false report under the provisions of C. S., sec. 5276, that the report is made with the attempt and intent to deceive the department of finance of the state of Idaho. (*State v. Waterman,* 36 Ida. 259, 210 Pac. 208.)

It is clearly the law in this state, as laid down in *State v. Hinckley,* 4 Ida. 490, 42 Pac. 510, that where the procedure is prescribed for taking advantage of a defect, that procedure must be followed.

"DUNN, C. J.—Appellant was convicted of having made a false report of the condition of the Declo State Bank on or about the fourth day of May, 1920, to the Commissioner of Commerce and Industry pursuant to a call made for a statement of the condition of said bank on that day and was sentenced to serve not less than six months nor more than two years in the state penitentiary. This appeal is from the judgment.

"Appellant makes ten assignments of error which, for the purpose of argument, he has incorporated into seven propositions.

"As his first proposition appellant urges that the court erred in refusing to grant his motion to quash the informa-

tion. This matter is not properly before us for the reason that the action of the trial court was not incorporated in a special bill of exceptions as required by C. S., sec. 9010. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Moodie,* 35 Ida. 574, 207 Pac. 1073; *State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *State v. Petereit,* 39 Ida. 715, 229 Pac. 747.)

"The second proposition relates to the special plea which appellant entered and which reads as follows:

"'Defendant pleads that he has been acquitted of the charge made in this action by reason of the fact that the Grand Jury for Cassia County, met on April 3rd, 1922, and after investigating this Defendant and the Declo State Bank, did ignore the charge now made against him by information of the Prosecuting Attorney for Cassia County and that filing such information is in violation of the rights of this Defendant as provided for in Section 8 of Article one of the Constitution of the State of Idaho.'

"While this was an attempt to plead a former acquittal of the offense charged, it falls short of the statutory requirements of such a plea. C. S., sec. 8880, subdivision 3, states what must be pleaded in case a defendant relies upon the plea of a former acquittal. It reads as follows:

"'§ 8880. Every plea must be oral, and entered upon the minutes of the court in substantially the following form: . . . .

"'3. If he pleads a former conviction or acquittal: "The defendant pleads that he has already been convicted (or acquitted) of the offense charged by the judgment of the court of . . . . (naming it) rendered at . . . . (naming the place), on the . . . . day of . . . ."'

"A comparison of this statutory provision with the plea entered shows that in fact appellant entered no plea of former acquittal, for he pleaded, not a judgment of a trial court, but a failure of a grand jury to indict. No action of a grand jury could acquit appellant in the statutory sense. Hence, even if the plea had been entered in proper form according to the requirements of C. S., sec. 8880, the action of the court in excluding the testimony of the prose-

cuting attorney and the foreman of the grand jury was correct, for their testimony in support of the proceedings before the grand jury as set out by appellant would have no tendency whatever to prove or disprove the issue of former acquittal. Likewise the court committed no error in refusing to give defendant's requested instruction No. 6, which relates to the same special plea of former acquittal.

"Under the third proposition the appellant contends that the court erred in giving instruction No. 10, in which the court charged that it was not necessary for the plaintiff to prove or offer evidence of a specific intent or attempt to deceive. Appellant erroneously contends that this action is brought under the second subdivision of C. S., sec. 5276, because, as he claims, the language of the information follows that part of that section. An extended discussion of this point is rendered unnecessary, due to the holding in the recent case of *State v. Waterman,* 36 Ida. 259, 210 Pac. 208. The following language of the court in that case effectually disposes of this question:

" 'It will be observed that the clause, "with the attempt to deceive any person or persons authorized to examine into the affairs of any such bank or trust company," is not used in connection with and does not apply to the third division of said section, which is the only part of said section that has reference to the making of such false report or statement of any bank or trust company as is involved in this prosecution. Knowingly making such a false report must have appeared to the legislature as sufficient to constitute a felony, and we have no right to read into this part of the section a specific intent not necessary to the offense and clearly not intended by the legislature to be included.'

"The offense charged in the case at bar is substantially the same as that in the Waterman case. For that reason that case is directly in point and decisive of this question.

"Appellant's fourth proposition assigns as error the refusal of the court to give defendant's requested instruction No. 7. This instruction five times advises each individual juror that he should not join in a verdict of guilty unless

he is satisfied beyond reasonable doubt of the guilt of the accused. In *State v. Boyles,* 34 Ida. 283, 200 Pac. 125, this court said: 'A juror must realize that his oath as a juror binds him individually, and that instructions addressed to the jury as a whole are addressed to him individually. (*State v. Howell,* 26 Mont. 3, 66 Pac. 291.) Instructions calculated to place especial emphasis upon the duty of each individual as a juror to be convinced in his own 'mind before he agrees to a verdict are unnecessary and generally not to be commended.' The court committed no error in refusing to give this requested instruction. The matter of reasonable doubt is covered sufficiently by the court's instruction No. 5.

"Appellant's fifth proposition involves the instructions requested by him on the subject of discounts, rediscounts, loans, resources and liabilities of the Declo State Bank. The particular instructions requested in this connection by appellant were numbers 4, 12, 14 and 16. The information in this case charged the making of a false report of the condition of the bank, specifying seven particulars in which the report was false, any one of which particulars if supported by competent evidence would have been sufficient to sustain a conviction. As to instructions numbers 4, 12 and 14 it is sufficient to say that they were erroneous in requesting an acquittal of appellant in case some one charge of falsity was found to be untrue. Instruction No. 16 requested by appellant was correctly given as modified.

"The sixth proposition submitted by appellant relates to overdrafts. · This was a question of fact properly submitted to the jury and their decision thereon is supported by ample evidence.

"The seventh and final proposition submitted by appellant relates to the question of appellant's knowledge of the falsity of the reports signed by him. On this point we think the court's instructions were eminently fair to appellant. The statute under which the appellant was prosecuted provides for punishment only in case the false report was 'know-

ingly' made, and in this connection the court gave the following instruction:

" 'You are instructed that in law the word "knowingly" means "with knowledge, intentionally," and if you find from all of the evidence that at the time of making the written statement of the condition of the Declo State Bank, as of May 4th, 1920, the defendant honestly believed that said report disclosed the true condition of said bank on said date, it will be your duty to find the defendant not guilty, notwithstanding that evidence may have been introduced to show that said report was in fact not correct.'

"In instructing the jury that it was not necessary for the state to prove a specific attempt or intent on the part of the appellant to deceive the Commissioner of Commerce and Industry the court instructed the jury that they could not legally convict the appellant if they should find that he 'was himself deceived, through no negligence on his part, after an honest effort on his part to discharge his duty.'

"We find no error in the court's refusal to give the instructions requested by appellant. The charge to the jury as a whole fully covered the law of the case and was as fair to appellant as he had any right to expect."

WM. E. LEE, J.—The foregoing opinion was prepared by the late Chief Justice Dunn a short time prior to his death. It was not then finally agreed on because of the desire of the court to have certain points further briefed. For that reason the cause was resubmitted and again presented on additional briefs. The foregoing, together with the following, constitutes the opinion in the case.

During the trial, appellant called a former prosecuting attorney and the foreman of a former grand jury and offered to prove that the charge contained in the information on which he was being tried had been, theretofore and prior to the filing of the information, considered by a grand jury and that said charge had been by the grand jury ignored. This offer was denied, and the ruling of the court is assigned as error.

A plea of not guilty puts in issue every material allegation of the information. (C. S., sec. 8882.) The information charges that at Declo, in the county of Cassia and state of Idaho, appellant, an officer of the Declo State Bank, made a false report of the condition of the bank. Whether the charge against appellant had theretofore been considered and ignored by a grand jury was not made an issue by the information, and the trial court properly sustained the objection to the admission of evidence to prove it. Counsel vigorously contends, however, that his offer raised a jurisdictional question of the highest order. The point had theretofore been raised on a motion to quash the information and had been passed on by the court; and the propriety of presenting the matter on motion to quash is not questioned. (See *Royce v. Territory,* 5 Okl. 61, 47 Pac. 1083; *State v. Grady,* 12 Mo. App. 361; *Sparrenberger v. State,* 53 Ala. 481, 25 Am. Rep. 643; *Commonwealth v. Green,* 126 Pa. St. 531, 12 Am. St. 894, 17 Atl. 878.) The question sought to be presented by the introduction of the proffered evidence was for the determination of the court and such proffered evidence did not tend to disprove the charge contained in the information. It is not the law that one on trial for a criminal offense has a right to have a trial jury determine whether the charge contained in the information had theretofore been considered and ignored by a grand jury. Whether the charge, on which appellant was on trial, had theretofore been presented to and ignored by a grand jury was not a question for the jury's determination, and the trial court properly sustained the objection to the proffered evidence.

With respect to that portion of the foregoing opinion of the late Chief Justice that the trial court did not err in instructing that it was not necessary to prove a specific intent or attempt to deceive, it may be further stated that we are not considering the information from the standpoint of either a demurrer or motion. While the information contains elements unnecessary to charge making a false report of the condition of the bank, leaving out the improper

elements, the information charges a violation of the third division of C. S., sec. 5276. Under *State v. Waterman, supra,* it is not necessary to prove intent or attempt to deceive, and the instruction was proper.

Judgment affirmed.

Givens and Taylor, JJ., concur.

BUDGE, J., Specially Concurring.—As appears in the statement of facts in the opinion written by Chief Justice Dunn, appellant was charged with and thereafter convicted under C. S., sec. 5276, of the crime of having made a false report of the condition of the Declo State Bank to the Commissioner of Finance and Industry. A motion to quash the information was made by appellant and denied. By his motion to quash appellant sought to interpose the objection that a grand jury in and for Cassia county, duly and regularly called, had theretofore ignored the identical charge contained in the information and therefore, under the provisions of art. 1, sec. 8, of the constitution he could not be held to answer or for trial upon the information of the public prosecutor.

The action of the court in denying the motion to quash the information cannot be reviewed, for the reason that the ruling upon the motion was not incorporated in a special bill of exceptions as required by C. S., secs. 9008 and 9010. It is well settled in this jurisdiction that in order to review the action of the trial court in denying a motion to quash an information, the same must be presented in a special bill of exceptions. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. White,* 33 Ida. 697, 197 Pac. 824; *State v. Colvard,* 33 Ida. 702, 197 Pac. 826; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827; *State v. Moodie,* 35 Ida. 574, 207 Pac. 1073; *State v. Cosler,* 39 Ida. 519, 228 Pac. 277; *State v. Petereit,* 39 Ida. 715, 229 Pac. 747.)

During the course of the trial appellant called the former prosecuting attorney of Cassia county and propounded to him the following question:

"Q. I will ask you if, as prosecuting attorney of Cassia county, you called the grand jury's attention to a report submitted by the officers of the Declo State Bank to the Department of Commerce and Industry of the State of Idaho, the report being as of May 4, 1920."

An objection to this question was interposed by the state and sustained. Whereupon appellant offered to prove by the said former prosecuting attorney and by the foreman of the grand jury that "the report under consideration here of the condition of the bank at Declo, Idaho, under date of May 4th, 1920, being state's exhibit 4, was considered by the grand jury for Cassia county, State of Idaho, in all of its subdivisions and in its entirety; that the statements rendered therein were deliberated upon and considered by the grand jury for several days and that the prosecuting attorney for Cassia county called the attention of the grand jury to the fact that the statements contained in said report were false and did not correspond with the actual condition of the bank as it existed on the 4th day of May, 1920, and that the said grand jury considered making a charge or indictment against the defendant Wilson, based upon the said report and upon the disclosures of the books and records of the bank and refused to return an indictment based upon said report and charge for the reason that they had previously returned indictment based directly upon the books and that they considered the proper way to return a verdict or indictment was upon the books and not upon the report; that the charge considered by the grand jury is the same charge as is embraced in the information filed by the prosecuting attorney of Cassia county, State of Idaho, upon which the defendant, C. J. Wilson is now upon trial in this court; that the said witnesses and each of them will testify that the said grand jury ignored said charges and refused to indict thereon," which tender of proof the court denied. It will be observed that appellant sought by

this offer of proof to raise the same question presented in his motion to quash the information.

The precise question is whether, during the course of the trial appellant may show, by calling the prosecuting attorney of the county and members of the grand jury, that the identical charge contained in the information had theretofore been ignored by the grand jury. That such proof may be offered in support of a motion to quash will find support in some jurisdictions. (*Eubanks v. State,* 5 Okl. Cr. 325, 114 Pac. 748.) But should the court stay the proceedings in the midst of the trial for the purpose of receiving evidence of the character suggested, which evidence does not go to the issue of the guilt or innocence of the accused, when by motion to quash a proper and orderly procedure is available, by which such question may be determined in the lower court and reviewed on appeal?

In the case of *Royce v. Territory,* 5 Okl. 61, 47 Pac. 1083, the court, in considering the refusal of the lower court to set a day for the taking of testimony relating to the action of the grand jury which found the indictment, where such question was properly presented upon appeal, held that the defendant had no other way than by motion to quash to have the question presented to the attention of the court or considered by it, as that question could not be presented either upon a motion for a new trial or upon a motion in arrest of judgment.

In the instant case the only way in which appellant could present the question to the lower court was upon a motion to quash, and such motion having been decided adversely to him, he could not thereafter be permitted to introduce evidence in support of his contention during the trial or raise the question in that manner, his only remedy being to attack the court's ruling upon appeal, which in this case he is precluded from doing by his failure to properly present the question by a special bill of exceptions. It follows that the lower court did not commit reversible error in denying the offer of proof. In my opinion Chief Justice Dunn, now deceased, correctly disposed of all other questions in-

volved upon this appeal. The judgment of the lower court should be affirmed.

WILLIAM A. LEE, C. J., Concurring in Part and Dissenting in Part.—I concur in that part of the majority opinion which holds that the charge in the information is based upon the third subdivision of C. S., sec. 5276, and that in a prosecution under this subdivision it is not necessary to allege or prove that such false representation was made with intent to deceive. The gravamen of the charge is the wilful and intentional making of a false report, which the statute denounces as a felony, regardless of the purpose for which such false report is made.

I also agree with that part of the majority opinion, written by Mr. Justice William E. Lee, which holds that the motion to quash the information properly raised the question that the court was without jurisdiction of the subject matter of this action. The record on this appeal presents this jurisdictional question and this court should decide it. In the motion to quash, appellant showed that the public prosecutor was attempting to try him upon a charge that had been previously considered and ignored by a grand jury, in violation of that part of art. 1, sec. 8 of the constitution, which reads:

"And, *Provided further,* That after a charge has been ignored by a grand jury, no person shall be held to answer or for trial therefor upon information of the public prosecutor."

The motion to quash having been denied, during the trial appellant renewed his challenge to the jurisdiction of the court and again offered to show that the charge upon which the information is based had been previously ignored by a grand jury.

There can be no question but what this constitutional provision intends to bar and absolutely prohibit the public prosecutor from prosecuting one accused of crime after the charge has been ignored by a grand jury. With the wisdom of this organic act we are not concerned.

"Where a constitution asserts a certain right, or lays down a certain principle of law or procedure, it speaks for the entire people as their supreme law, and is full authority for all that is done in pursuance of its provision. In short, if complete in itself, it executes itself." (*Davis v. Burke,* 179 U. S. 399, 21 Sup. Ct. 210, 45 L. ed. 249.)

If an information could not be filed, the alleged information presented no question to the trial court that called its powers into action, except to require it to deny jurisdiction and dismiss the proceeding. Courts in other jurisdictions having statutory provisions like this constitutional provision have uniformly so held.

This section of the constitution is self-executing, is complete in itself and needs no further legislation to put it into effect. (*Davis v. Burke, supra.*) It follows that the public prosecutor was absolutely without legal authority to file an information charging the same offense that had been ignored by the grand jury, which would confer jurisdiction upon a court to try the accused for said offense. (*Ex parte Hayter,* 16 Cal. App. 211, 160 Pac. 370; *Ex parte Williams,* 116 Cal. 512, 48 Pac. 499.)

The rule announced in *Elliott v. Peirsol,* 1 Pet. (U. S.) 328, 7 L. ed. 164, is quoted with approval in *Williams v. Sherman,* 36 Ida. 494, 212 Pac. 971, wherein it is said:

"Where courts are without jurisdiction of the subject matter upon which they assume to act, their proceedings are absolutely void. They constitute no justification, and all persons concerned in executing such judgments are in law trespassers."

Bailey on Jurisdiction, p. 1, sec. 1, says that:

"Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit; to adjudicate or exercise any jurisdictional power over them. The question of jurisdiction must be considered and decided before the court can move one step further in the cause, as any movement is necessarily the exercise of jurisdiction."

15 C. J., 723, sec. 13, defines jurisdiction as being "the authority to hear and determine a cause; the power to hear

and determine issues of law and of fact; the authority by which judicial officers take cognizance of and decide causes; the authority to hear and decide a legal controversy, etc."

7 R. C. L. 1029, sec. 57, says: "The word 'jurisdiction' (*jus dicere*) is a term of large and comprehensive import, and embraces every kind of judicial action, and hence every movement by a court is necessarily the exercise of jurisdiction. In the sense, however, in which the term ordinarily is used jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case."

C. S., sec. 8878, provides that:

"The objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial under the plea of not guilty, or after the trial in arrest of judgment."

In *Elliott v. State*, 1 Ga. App. 113, 57 S. E. 972, that court held that the failure of the grand jury to find a true bill is a bar to any further prosecution of the same person for the same offense, whether under the same or another name or charge, and such defense may be pleaded in bar or given in evidence under the general issue.

In *Terrill v. Superior Court*, 6 Cal. Unrep. 398, the court, in construing California Penal Code, sec. 1008, which makes a demurrer to an indictment final and a bar to another prosecution for the same offense, unless the court orders the same resubmitted to the same grand jury, held that where the charge was submitted to the same grand jury, the court was without jurisdiction to try the accused upon the indictment, and it issued a writ of prohibition against the judge who was proceeding to try the case.

In *Ex parte Hayler, supra,* the court, considering this statutory provision upon a writ of *habeas corpus,* held that after a demurrer is allowed, the judgment is final upon the indictment and a bar to another prosecution, unless the court directs the case to be resubmitted to another grand jury, and further, that such provision is mandatory and a failure to obey it on the part of the prosecuting attorney

would be a violation of duty and subject him to removal from office.

This court, speaking through Rice, J., in *State v. Steensland,* 33 Ida. 529, 195 Pac. 1080, 13 A. L. R. 1442, said with reference to the statute of limitation, that the state does not offer a privilege which requires any action on the part of the accused either to accept or reject; on the contrary, the state has seen fit to deprive itself of the right to prosecute in all cases coming within the terms of the statute and that the time within which the offense is committed thus becomes a jurisdictional fact in all cases subject to limitation.

This same principle applies to the case at bar. The state has seen fit, by its organic law, to deprive itself of a right to prosecute anyone upon a criminal charge after such charge has been ignored by a grand jury, and the question of whether such a charge has been ignored is always a jurisdictional one.

Cooley, in his Constitutional Limitations, 7th ed., p. 576, in discussing this question, says the law creates courts and upon considerations of general public policy defines and limits their jurisdiction; and this can neither be enlarged nor restricted by the act of the parties. Accordingly, where a court by law has no jurisdiction of the subject matter of a controversy, a party whose rights are sought to be affected by it is at liberty to repudiate its proceedings and refuse to be bound by them, notwithstanding he may once have consented to its action. This right he may avail himself of at any stage of the case, and the maxim that requires one to move promptly who would take advantage of any irregularity does not apply here, since this is not mere irregular action; but a total want of power to act at all.

Black on Judgments, vol. 1, p. 326, says:

"It is a familiar and universal rule that a judgment ren dered by a court having no jurisdiction, of either the parties or the subject matter, is void and a mere nullity, and will be so held and treated whenever and wherever and for

whatever purpose it is sought to be used or relied on as a valid judgment."

7 R. C. L. 1042, sec. 745, says:

"Where judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide on its own jurisdiction in a given case may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear either before or after judgment. Accordingly, an objection for want of jurisdiction, if it exists, may be raised by answer, or at any subsequent stage of the proceedings; and in fact it may be raised for the first time on appeal. A court will recognize want of jurisdiction over the subject matter, even if no objection is made, and therefore, whenever want of jurisdiction is suggested by the court's examination of the cause or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case."

16 C. J. 184, sec. 257, states the rule thus:

"The objection that the court has no jurisdiction of the subject matter is not waived by plea or by going to trial, and may be raised on motion in arrest of judgment; on appeal, or by petition for writ of *habeas corpus.*"

At page 844, sec. 164, it further says:

"An absolute want of jurisdiction of the subject matter, or cause of action, cannot be waived."

And at page 850, sec. 169:

"Although successive motions questioning the jurisdiction are not ordinarily entertained, the question of jurisdiction is always open for determination, even though there may have been in the same case prior rulings of the same judge or of another judge sustaining the jurisdiction."

And at page 851, sec. 170:

"When at any time or in any manner it is in good faith represented to the court by a party or an *amicus curiae* that it has not jurisdiction, the court will examine the grounds of its jurisdiction before proceeding further."

The authorities, including this court, generally hold that a question that goes only to the jurisdiction of the person, or relates to a mere irregularity in the procedure that could have been corrected had the objection been made at the proper time and in the proper manner, is waived unless this has been done. An objection to an information filed by a public prosecutor on the ground that the defendant had not been given a preliminary hearing prior to the filing of the information is generally held to be waived, unless such objection has been interposed in due time, so that the defect in the proceedings could have been corrected. (*State v. Collins,* 4 Ida. 184, 38 Pac. 38; *Laffey v. People,* 55 Colo. 575, 136 Pac. 1031.) But where the state has, by its constitution, or even by statute, prohibited the filing of an information by a public prosecutor or the resubmission of a charge that has been ignored by a former grand jury, except upon order of the court, as in the California cases referred to, or where the statute fixes a definite time within which an information shall be filed or an indictment found, it has deprived itself of the power to act in such cases and there can be no waiver, for as said in *State v. Steensland, supra,* the state has deprived itself of the power to act. If it were otherwise, a citizen might be deprived of a right which the constitution gives him and courts might exercise jurisdiction of a subject matter where they are forbidden to do so.

This extended discussion and citation of authorities in support of a principle so well settled would seem to be a work of supererogation. "Jurisdiction of the subject matter," as that term is applied to the courts, has always meant the power to hear and determine the particular matter in controversy. When a court is without this power, or is attempting to exercise its powers in contravention of a positive prohibition of law, it is impotent to act and is without a semblance of authority to do anything more than deny to itself jurisdiction to act.

In the case at bar, the defendant was tried upon an information that is a nullity, because neither the public prose-

cutor nor anyone else had the power to make the charge, and hence no charge was made, and the verdict of guilty and the judgment of conviction thereon are void.

Petition for rehearing denied.