(December 22, 1925.)

HUGH NELSON, by His Guardian, THOMAS NELSON, Respondent, v. EPHRIAM JOHNSON and JOSEPH JOHNSON, Appellants.

[243 Pac. 649.]

APPEAL AND ERROR—EXCESSIVE DAMAGES—REQUESTED INSTRUCTIONS.—

1. Where the evidence is conflicting, but there is substantial evidence to support it, the verdict will not be disturbed.

2. Errors assigned but not supported by citation of authorities nor argued by appellant either orally or in his brief will not be discussed or considered on appeal.

3. It must be made to clearly appear that a verdict was given under the influence of passion or prejudice before, for that reason, it will be set aside as excessive.

4. It is not erroneous to refuse a requested instruction where the subject matter thereof is properly covered by those given.

5. Modification of requested instruction *held* not prejudicial.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action for personal injuries. Verdict for plaintiff. *Affirmed.*

G. F. Hansbrough, for Appellants.

Where the verdict is contrary to the evidence, or is manifestly or decidedly against the evidence, or clearly against

the weight of the evidence, or is supported by insufficient evidence, a new trial will be granted. (20 Stand. Ency. Proc. 517–520; *Bagley v. Eaton,* 8 Cal. 159; *Payne v. Jacobs,* 1 Cal. 39; *Roach v. Gilmer,* 3 Utah, 389, 4 Pac. 221; *Wendell v. Safford,* 12 N. H. 171; *Leitensdorfer v. King,* 7 Colo. 436, 4 Pac. 37; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124.)

The damages are excessive, and the amount found by the jury is not warranted, even if plaintiff was entitled to go to a jury. (*Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Chitty v. St. Louis & I. M. & S. R. Co.,* 166 Mo. 435, 65 S. W. 959.)

Negligence must be proven as alleged. A complaint that alleges that an injury was committed wrongfully is not supported by proof of mere negligence. (1 Elliott on Evidence, sec. 204, p. 289; *Belt R. R. etc. Co. v. Mann,* 107 Ind. 89, 7 N. E. 893.)

Whitcomb, Cowen & Clark, for Respondent.

Where the jury has found an issue in favor of a party and there is evidence which supports the verdict, it must be affirmed on appeal. (*Meeker v. Trappet,* 24 Ida. 198, 133 Pac. 117; Flynn's Digest, p. 53; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *Mahaffey v. Carlson,* 39 Ida. 162, 228 Pac. 793; *Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710.)

A verdict for $3,000 is not an excessive or unreasonable amount to be allowed respondent for the suffering, permanent injury and disfigurement for life as compensation, and punitive damages. A verdict will not be disturbed on the ground that it is excessive when there is some evidence to support it. (4 C. J. 871, sec. 2847, cases cited; *Jensen v. Denver & Rio Grande R. R. Co.,* 44 Utah, 100, 138 Pac. 1185; *Van Dyke v. Seattle Electric Co.,* 55 Wash. 687, 105 Pac. 137.)

Instructions should be confined to the issue presented by the pleadings and the evidence. An instruction not meeting these requirements may properly be refused. (38 Cyc. 1612,

notes 13 and 16, 1617, note 34; *Intermountain Farmers' Equity v. Norris,* 39 Ida. 685, 229 Pac. 745.)

GIVENS, J.—This action is based on the same incident considered in *Thomas Nelson v. E. Johnson and Joe Johnson,* filed Oct. 21, 1925, the only difference being that respondent herein was a minor child of Thomas Nelson, and his injuries consisted of a broken arm, broken nose, ruptured tear duct, permanently injured, two broken teeth, a drooping eyebrow, thereby giving a changed expression to his face, and a weeping eye, the latter accentuated when reading or similarly employed, for which $3,000 were awarded as damages.

The evidence as to whether appellant caused the accident is conflicting, but there is substantial evidence to support the verdict, and hence on that ground it will not be disturbed. (*Nelson v. Johnson, supra,* and authorities there cited.)

Appellant urges that the verdict is excessive. The injuries, aside from the broken arm, are of such a nature that it would be difficult for any jury to fix a sum exactly compensating respondent, but since the record does not clearly show that the verdict was the result of passion or prejudice, or that it was excessive, the jury's conclusion will not be set aside. (*Nelson v. Johnson, supra;* 29 Cyc. 843.)

Appellant assigns as error the trial court's action in giving instructions Nos. 12, 20 and 13, the latter a modification of one of defendant's requested instructions, also the court's action in refusing to give such requested instruction unmodified.

Instructions Nos. 12 and 20 were not discussed orally or in the brief nor are authorities cited in support of appellant's contention that they were erroneously given; they will therefore not be considered. (*State v. Petereit,* 39 Ida. 715, 229 Pac. 747; *State v. Brockman,* 39 Ida. 468, 228 Pac. 250; *Gustin v. Byam, ante,* p. 538, 240 Pac. 600.)

The requested instruction was:

"The Jury is instructed that the plaintiff alleges in his complaint that the defendant wilfully, unlawfully and with wilful malice and gross negligence struck the car the plaintiff was riding in and caused the injury complained of, and you are instructed that to entitle the plaintiff to recover in this action the plaintiff must prove by a fair preponderance of the evidence that the defendants wilfully, intentionally and maliciously struck and collided with the car plaintiff was riding in and overturned the same and caused the injury complained of."

The court modified it by inserting the words "punitive damages" between the words "recover" and "in."

In his brief appellant urges that:

"This instruction told the jury to entitle the plaintiff to recover, he must prove by a fair preponderance of the evidence that the defendant wilfully, maliciously and intentionally struck and collided with the car plaintiff was riding in and caused the injury complained of. This instruction follows the allegations of the complaint and should have been given, as we contend the plaintiff could not recover at all unless he proved all of the material allegations of his complaint, but the instruction as modified allows the jury to find actual damages, whether he proves the allegations of the complaint or not, but not punitive damages. We submit that to so modify said instruction was error."

If this instruction by itself is subject to appellant's criticism, which is doubtful, it was not prejudicial as to appellant because, in the first place, the complaint did not allege that the defendant wilfully, intentionally and maliciously struck plaintiff's automobile, but merely that he turned across the road in that manner, and furthermore, the court in instruction No. 15 said:

"The Jury is instructed as a matter of law, that where the plaintiff charges that the injury was caused by the unlawful, wilful, and malicious acts of the defendant, as in this case, the intention, wilfulness and maliciousness of the defendant are material allegations of the complaint that must be proven by a fair preponderance of the evidence and you

are therefore instructed that if the plaintiff shall fail to prove all of the material allegations of his complaint by a fair preponderance of the evidence he cannot recover in this action and your verdict should be for the defendant.''

Which, together with instruction No. 1, which latter contained *verbatim* the material allegations of the complaint, and instruction No. 4, which placed on respondent the burden of proving the same by a preponderance of the evidence, could have left no doubt in the minds of the jury of what proof was respectively necessary before they could give either actual or punitive damages. By the addition of the words ''punitive damages'' the appellant was not prejudiced because, unless one or more of the elements set forth in the first part of the instruction, at least in connection with driving across the road, were present, punitive damages could not have been awarded. (17 C. J. 983; 8 R. C. L. 585–590.)

The judgment is affirmed, and costs are awarded to respondent.

Wm. E. Lee and Taylor, JJ., concur.

William A. Lee, C. J., dissents.

Petition for rehearing denied.